CASE 106. ACTION FOR PARTITION OF LAND AND ALLOTMENT OF DOW-
    ER.—MARCH 6.

## Sergent, &c. v. North Cumberland Mfg. Co.

APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

·BASTARDS—LEGITIMACY—BURDEN    OF    PROOF—DOWER—ADULTERY—
    STATUTE OF LIMITATIONS.

Held: 1. As a general rule, a child born in lawful wedlock, when
    its mother is living with her.husband, and they have oppor-
    tunity for coition, is conclusively presumed to be legitimate;
    and, while exceptions are allowed to this rule, the burden of
    proof in such a case is upon the one asserting illegitimacy,· it
    being necessary for him to show that the husband could not
    possibly have been the father of the child.
2. Under Kentucky Statutes, section 2133, the adultery of the wife
    does not bar her claim to dower where she continues to live with
    the husband.

Sergent, &c. v. North Cumberland · Manufacturing Co.

3. Where a portion of a number of heirs sold and conveyed their interests in the land inherited, the possession of the purchaser was not adverse to the other heirs or to the widow's claim to dower; and, in any event, they are not barred by any possession short of fifteen years.

B. M. LEE. ATTORNEY FOR APPELLANTS.

As I understand this case the only question to be determined is, whether children born in lawful wedlock can be bastardized by allegations in a pleading only, without any proof, and whether, when such an issue is tendered, the burden of proving legitimacy is upon the one claiming to be an heir or upon the party who alleges illegitimacy?

The appellee does not deny that the plaintiff Mary Sergent was the lawful wife of Ephraim Sergent, deceased, and that these appellants who are twins, were born within six or seven months after the death of said Ephraim, and that he lived with his wife up to the time of his death.

The appellee, without disputing these material facts, undertakes to plead that said Ephraim was too old and feeble to have been the father of said children, and that his wife Mary, was a lewd character and had sexual intercourse with other men. All the allegations as to his impotency and her lewdness were denied by the reply, and yet the trial court without any proof having been taken by either party, adjudged that the plaintiffs were not entitled to recover, and dismissed their petition.

There is no dispute that these children are entitled to the relief sought in this action, unless they are adjudged to be bastards.

It is not the policy of the law to bastardize children, and it has been held from time immemorial that where the husband could have had access to the wife, there arises a strong presumption that he did have access, and as held by this court in a recent case, Goss v. Froman, &c., 89 Ky., 318 (11 R., 631) "no probabilities can be weighed and considered. Nothing short of some fact thoroughly established, and which can not be explained away, will be allowed to prevail against the presumption."

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellants, Milton and Millard Sergent, are twin children of appellant Mary Sergent. They were born in June or July, 1877. Ephraim Sergent, Sr., owned a tract of 400

acres of land in Harlan county at his death in December, 1876. Eight of his children (but not including appellants) in 1884 conveyed their interests in this land, which has, by subsequent conveyances, come down to appellee. Appellant Mary Sergent was the widow of Ephraim Sergent, Sr. Her two children, appellants Millard and Milton Sergent, joined her in bringing this suit in 1898 for a partition of the land, claiming dower for the widow and an undivided one-tenth each for the two children. Appellee defended upon the alleged grounds that Mary Sergent, by adultery, had forfeited her right to dower, and that the two boys named were not the children of the decedent, Ephraim Sergent, Sr. An issue was joined upon the question of the legitimacy of the sons. The court, upon the pleadings, and without proof, dismissed appellants' petition. This was error. The answer charged that Ephraim Sergent, Sr., at the time of his death, was eighty years of age; that for six months before his death he had been in very feeble health, and unable to turn himself in his bed; that during that time appellant Mary Sergent was guilty of adultery with divers men; that at no time within ten months before the birth of these two sons had the putative father been physically able to perform the sexual act, and that he did not do so. It was not charged that his wife was living apart from him, or that they had not been in cohabitation during that period up to his death. As a general rule, a child born in lawful wedlock, when its mother is living with her husband, and they have opportunity for coition, is conclusively presumed to be legitimate (Greenl. Ev. sec. 28; Strode v. Magowan's Heirs, 2 Bush, 626) ; this is so even though it may be shown also that the wife during the time was guilty of infidelity (Cope v. Cope, 1 Moody & R., 269, 276; Morris v. Davies, 3 Car. & P., 215; Rex v.

Sergent, &c. v. North Cumberland Manufacturing Co.

Luffe, 8 East, 193), This presumption of the legitimacy of offspring is founded not alone upon the coincidence of probabilities, but as well upon that policy of the law that forbids either husband or wife testifying to occurrences between them during marriage; also upon its supreme regard for those privileges of the married state that all men instinctively withhold from the public knowledge. If the question of legitimacy were open to such attack, to be sustained or defeated by a mere preponderance of evidence, based largely and most frequently upon circumstances alone, the right of inheritance, the integrity of blood, the pride of ancestry, and its just sense of honor, all would depend upon the most dubious of titles. From the very nature of the case, positive evidence in support of the legitimacy must be the most difficult to be adduced. The law does not allow its inquiries to invade the privacy of the connubial couch for any such purpose. When husband and wife enter it, it must be held that its privileges are not subject of investigation, to the end that its reasonable and legitimate fruits may be brought into question. Exceptions to the general rule stated are allowed. For example, where a white woman, married to a white man, gives birth to a negro child; or when the husband and wife have been constantly apart, living in separate localities, not being together for a longer time than the period of gestation (Pitsford v. Chittenden, 58 Vt., 51, 3 Atl., 323; Rex v. Maidstone, 12 East, 550) ; or where the circumstances shown are such that it would have been impossible for the husband to have been the father (Patterson v. Gaines, 6 How., 550, 12 L. Ed., 553),—the presumption of legitimacy is overcome. But in every instance where it is allowed to be shown that the child born of a woman during wedlock, or thereafter within ten months, is not legitimate, the burden of the

proof is upon the one asserting the illegitimacy. Greenl. Ev., sec. 81. Even the allegations of illegitimacy will not be deemed to have been sustained by a mere preponderance of the evidence. It must show that the husband of the mother could not possibly have been the father of her child. If (Goss v. Froman, 89 Ky., 318, (11 R., 631) 12 S. W., 387, 8 L. R. A., 102), seems to go beyond this rule, the soundness of the extent of that opinion my well be doubted.

2. The demurrer of Mary Sergent to the answer should have been sustained. It was admitted that she was the widow of appellee's remote grantor; that he owned in fee simple and was seized of the land in dispute during their marriage. Adultery of the wife will not bar her dower. Section 2133, Kentucky Statutes, on this subject, provides that the spouse shall be barred of dower in the other's property if he or she "voluntarily leave the other and live in adultery, unless they afterward become reconciled and live together as husband and wife." McQuinn v. McQuinn (110 Ky., 321) (22 R., 1770) (61 S. W., 358.)

3. The plea of limitation was not good. Appellee, claiming title through the husband, may be said to hold not adversely to his title, but in amity with it. Until dower is allotted, it may be questioned whether the widow has a right of action therefor. At any rate, in this case the answer does not show that appellee and those under whom it claims have had the actual, adverse possession of the land for fifteen years before the bringing of the suit, or that they have had the actual possession of it for any length of time. The first reconveyance was in 1884. This suit was brought in 1898; consequently the statute had not run in any event.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.