STATE OF IOWA v. RICHARD PRAY, Appellant.

**Challenge to jurors.** The appellate court will not presume prejudice from the ruling of the trial court in excusing a juror because wrongly named; nor will prejudice arise from a refusal to excuse another from the same panel for the same reason, where the objection was not made until after the exercise of a peremptory challenge.

**Waiver of objection to juror.** An objection to a juror because of his relation to the prosecuting witness in a criminal action, which becomes known to defendant's counsel during the trial, is waived by failure to call attention to the fact prior to the verdict.

**Sequestration of Witnesses:** DISCRETION OF COURT. It was not an unreasonable exercise of discretion to permit the wife of a prosecuting witness to testify, after remaining in the court room during the examination of the other witnesses for the State, in violation of a sequestration order, it appearing that the sheriff did not enforce the order for the reason that she was the only lady witness.

**Alibi:** REASONABLE DOUBT: INSTRUCTIONS. An instruction that defendant was not bound to establish an alibi beyond a reasonable doubt, and if the testimony raised a reasonable doubt that defendant was present at the commission of the crime he was entitled to an acquittal, was not objectionable as leading the jury to believe that it was only such doubt as to the alibi which would necessitate acquittal, where the doctrine of reasonable doubt was correctly stated in another instruction.

**Reasonable doubt:** REVIEW ON APPEAL. The appellate court will not pass on the question of reasonable doubt in reviewing the evidence, but if the verdict has support and the jury has been properly instructed, its finding on the question is final.

*Appeal from Decatur District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, JUNE 7, 1904.

CONVICTION, for arson. Defendant appeals.— *Affirmed.*

*C. W. Hoffman, W. R. McGinniss,* and *G. W. Baker,* for appellant.

*Charles W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

McCLAIN, J.— Defendant was convicted, on circumstantial evidence, of having set fire at night to a livery barn in the town of Grand Junction. It appears without question that, a short time before the barn was discovered to be on

fire, the defendant had purchased a jug of kerosene oil at a grocery store not far away, and that he was seen going from the grocery store in the direction of the barn; that kerosene had been thrown on the side of the barn before it was ignited; and that a jug which had contained kerosene oil was found in the vicinity, which some witnesses testified was the same jug which defendant had had filled with oil at the grocery store. There was also some evidence tending to show a motive for the crime.

It is contended by the appellant that the trial court erred in refusing to direct a verdict for the defendant, and in refusing to set aside the verdict for the State on the ground of insufficiency of the evidence, and on the further ground that it was apparently the result of passion and prejudice. But the commission of the crime was clearly established, and there was some evidence tending to connect the defendant therewith. The sufficiency of the evidence was for the jury, and we have no disposition to interfere with their conclusions.

Complaint is made of the action of the court in impaneling the jury, first, because one juror was excused on challenge of the State, over defendant's objection, on the ground that he was incorrectly named; and, second, that defendant's challenge to another juror on the same ground was overruled. The first of these objections is not well taken, for the reason that we cannot presume prejudice from the ruling of the court excusing the juror. *Geiger v. Payne,* 102 Iowa, 581. It appears that the second objection was not made until after the counsel for defendant had waived a peremptory challenge, and there was therefore no prejudice to the defendant. *State v. Elliott,* 45 Iowa, 486.

1. ARSON: challenge to jurors.

One of the grounds of motion for a new trial which was overruled was that one of the jurors was related to the prosecuting witness, which fact was not divulged by the juror when examined during the impaneling of the jury. Their relationship was by a former marriage of the prosecuting

witness to the first cousin of the juror.   This marriage had
been terminated twenty years before the trial
by the death of the wife, but counsel for ap-
pellant contend that the survival of children
of the marriage was sufficient to perpetuate the relationship
between the prosecuting witness and the juror.   Without
passing on this question, it is sufficient to say that the trial
court, in ruling on the motion, had before it a showing that
counsel for the defendant became aware of the relationship
soon after the commencement of the trial, and failed to make
any objection to the continuance of the trial on that account,
and that he expressed to others a willingness to allow the
trial to proceed without raising any such objection.   Counsel
argue that the nature of the relationship did not come to the
knowledge of counsel until after the commencement of the
trial, but we think that if at any time during the trial, and
before the verdict, counsel had information that there was
some relationship which might disqualify the juror, he should
have called the matter to the attention of the court, in order
that the juror might be interrogated and the facts ascertained,
and that, by failing to urge the objection or have an investi-
gation made for the purpose of ascertaining whether such
objection existed, the ground of complaint, whatever it might
be, was waived.   *Pfeiffer v. Dubuque* (Iowa), 94 N. W.
Rep. 492; Bishop, New Criminal Procedure, sections 946,
947.

 A number of errors are assigned as to rulings in the
admission or exclusion of evidence, but, after examining the
record, we reach the conclusion that the rulings were correct.
It is not necessary, in our judgment, to discuss in detail
the various objections, for they are as to minor matters, and
do not reach the real merits of the case.

 As to the objection that, after the trial court had di-
rected the witnesses for the prosecution to be sequestered,
one witness — the wife of the prosecutor — was allowed to
testify, although she had remained in the court-room while

the other witnesses were, testifying, it is sufficient to say it

3. SEQUESTRA-
TION OF
WITNESSES:
discretion of
court.

appeared that the officer had not carried out the court's instructions as to confining this witness in a separate room with the other witnesses for the reason that she was the only woman among the witnesses, and the ruling of the court refusing to exclude the witness from testifying under the circumstances was fully within the exercise of a reasonable discretion.

Objection is made to one of the instructions which related to the evidence relied upon to establish an alibi, on the ground that under such instruction the jury were told that

4. ALIBI: rea-
sonable
doubt; in-
structions.

the defendant was not bound to establish such defense beyond a reasonable doubt, and, if the testimony raised in the minds of the jury a reasonable doubt that the defendant was present at the time and place of the commission of the crime, then it was their duty to give him the benefit of that doubt and acquit him. The objection is that by this instruction the jury might have been led to infer that it was only reasonable doubt raised by the evidence as to alibi that would necessitate an acquittal, but the doctrine of reasonable doubt as applied to the whole evidence was correctly stated in another instruction, so that the jury could not possibly have been misled.

Counsel urge that the evidence is not sufficient to establish the guilt of defendant beyond a reasonable doubt, but that is for the jury to say. We do not pass on the question

5. REASONABLE
DOUBT: review
on appeal.

of reasonable doubt in reviewing a case on the evidence. If there is competent evidence tending to support the verdict, and the jury have been properly instructed with reference to reasonable doubt, their verdict is final on that question.

Finding no error to have been committed, the judgment of the trial court is *affirmed*.