STATE OF IOWA v. F. A. GREENLAND, Appellant.

Larceny: EVIDENCE. The weight and sufficiency of the evidence is for
1 the jury, and where the verdict finds support, it will not be disturbed.

125    141
130    452

New trial: OBJECTION TO GRAND JUROR. Where a defendant was not
2 held to answer prior to the return of the indictment, an objection that a grand juror could not read and write the English language may be taken advantage of after verdict by motion for new trial. Evidence of inability to read and write held insufficient.

New trial: EXAMINATION OF GRAND JUROR. It was not an abuse of
3 discretion to refuse an application to have a grand juror brought in to determine his qualification, made within an hour of final adjournment, so that to have granted it would have necessitated a continuance over the term.

Examination of jurors: WAIVER OF DISQUALIFICATION. Where a juror
4 is not examined as to his ability to read and write, the disqualification is waived.

New trial: ABUSE OF DISCRETION: MISCONDUCT. Persistence of a prose-
5 cuting attorney in asking improper questions, for the purpose of prejudicing the jury, may amount to misconduct authorizing a new trial, but under the record in this case, an abuse of discretion in overruling the motion is not shown.

*Appeal from Decatur District Court.*— HON. H. M. Towner, Judge.

TUESDAY, JULY 12, 1904.

DEFENDANT was indicted with Richard Pray and Port Woodard for the larceny of five steers and one cow belonging

to one Jerry Moran. Richard Pray, being first tried, was acquitted. Greenland was then tried and convicted, and sentenced to imprisonment in the penitentiary for the term of three years. From this sentence he appeals.— *Affirmed.*

*V. R. McGinnis, G. W. Baker,* and *Hoffman & Jackson,* for appellant.

*Chas. W. Mullan, Attorney General, Lawrence De Graff, Assistant Attorney General,* and *A. P. Olson, County Attorney,* for the State.

McCLAIN, J.— The evidence of defendant's guilt relied on by the prosecution was wholly circumstantial, but tended to show that the other two persons indicted jointly with him were in his employment, and acted under his direction in taking at least three animals — two steers and one cow — belonging to Jerry Moran, on the morning of July 26, 1902, from a pasture in which they were kept with other animals belonging to said Jerry Moran and his brother Dennis Moran, about two and one-half miles north of defendant's home, and driving them along the highway to defendant's home about five o'clock in the morning, and putting them in with other cattle which were after breakfast on that morning driven eastward from defendant's home to the town of Van Wert, where they were loaded into a car and shipped to Chicago, the car having been engaged beforehand by Greenland. The evidence further tended to show that at the Chicago Stock Yards the cow was sold for Greenland, to be slaughtered, and the two steers, with other steers, were sold to a commission firm, from whom these two steers were purchased by an agent for one Leatherman, and shipped to him, at Rockville, Ind., where they were found by Dennis Moran and brought back to Decatur county, the county of defendant's residence. The two steers which were brought back from Indiana were identified by Jerry Moran and Dennis Moran as two of the steers which had disappeared from their pasture, and other

witnesses testified as to the similarity of marks of these two steers with the marks of the steers which had disappeared from the pasture. Many witnesses were introduced by the prosecution, whose testimony, as it was claimed, tended to identify these two steers as animals taken from the Moran pasture, and driven with the other cattle from defendant's place to Van Wert, and shipped to Chicago.

It will be impossible to discuss the testimony in detail. It is contended for defendant that the case should have been taken from the jury, and a verdict directed for the defendant, on the ground that there is no evidence that these two animals, nor any others, were taken from the Moran pasture by the defendant, or under his direction. It is enough to say that the weight and sufficiency of the evidence was for the jury, and that, in our judgment, there was evidence justifying the jury in reaching the conclusion that the two animals which were brought back from Indiana had been taken from the Moran pasture under defendant's direction, and shipped away with his own cattle, and that they were animals belonging to Jerry Moran. We do not feel called upon to analyze the evidence for the purpose of testing the weight and credibility to be given to the testimony of each witness, for that was properly the function of the jury. We have no occasion to determine whether, on the testimony of the witnesses as embodied in the record, we should have been satisfied, as jurors, to find that defendant was guilty beyond a reasonable doubt. That consideration was for the jurors, who heard the testimony of the witnesses and saw their conduct on the trial, and not for the judges of this court, who have before them only an abstract of the evidence. It is sufficient to say that there was ample evidence to support the verdict.

There are a few other questions, however, properly presented for our consideration, which must be briefly noticed. In connection with the motion for a new trial made after the return of the verdict, it was asked in behalf of defendant

that the indictment be set aside on the ground that one Vander

**2. NEW TRIAL:** *objection to grand juror.* Pool, a member of the grand jury returning the indictment, was disqualified by reason of his inability to read and write. It is true that by Code, section 332, it is specified that qualified electors, " who can speak, write and read the English language," are competent jurors; and, no doubt, inability to read and write the English language would be a ground of challenge. And it is further provided in Code, section 5321, that objections to a grand juror which might have been made by way of challenge, had the defendant been held to answer before the finding of the indictment, may be urged by motion to set aside the indictment on behalf of a defendant not so held to answer. It appears that defendant Greenland had not been held to answer before the finding of this indictment, and therefore was entitled to urge the objection by way of motion to set aside. But the difficulty is that there is no satisfactory showing as to the inability of Vander Pool to read and write. On the contrary, it was shown by affidavit in resistance to the motion that he was able to read, and the sole evidence of his inability to write was that he had signed his name by a mark on several occasions. There were affidavits tending to explain these acts on his part by statements made by him that, on account of physical nervousness, he preferred not to attempt to write his name. Perhaps it was not competent to explain his acts by proving his declarations, but, at any rate, proof of the explanation was as good as the proof of the act, as tending to show his inability to write.

No direct evidence on the point was introduced, and an application to have the grand juror himself brought in for examination was overruled on the ground that it was made

**3. NEW TRIAL:** *examination of grand juror.* within an hour before the final adjournment of the court for the term, and that to grant the application would necessitate the continuance of the case to the next term of court. We are satisfied that the trial judge did not abuse his discretion in refusing to grant such a con-

tinuance, and that there was no substantial evidence before him requiring the setting aside of the indictment on account of disqualification of the grand juror.

One ground of the motion for new trial was that one of the jurors was unable to read and write, and that this fact was not known to defendant or his counsel until after the rendition of the verdict. But it appears that the juror was not specially interrogated as to his qualifications in this respect, and therefore the disqualification, if it existed, was waived. *State v. Pickett,* 103 Iowa, 714.

4. EXAMINATION OF JURORS: waiver of disqualification.

Among the grounds for a new trial urged on behalf of defendant was misconduct of the prosecuting attorney in asking witnesses improper questions, tending to bring to the attention of the jury matters which were not proper for their consideration. It is conceded that the court promptly sustained objections to the questions as asked, but it is, no doubt, true that persistence of the prosecuting attorney in asking improper questions, where it is apparent that the purpose is to prejudice the minds of the jury by suggesting improper matter for their consideration, may amount to such misconduct as to require the granting of a new trial. *State v. Ean,* 90 Iowa, 534; *State v. Roscum,* 119 Iowa, 330. However, to justify us in reversing a conviction on the ground that the trial judge was guilty of an abuse of discretion in overruling a motion for a new trial on this ground, it would be necessary to make a much stronger showing of prejudice and abuse of discretion than appears in this case. We are not satisfied, on an examination of the record, that counsel for the prosecution acted in bad faith, or that any prejudice resulted to the defendant. The trial judge ruled promptly and correctly when objections were made, and when, at the request of defendant, he instructed the prosecuting attorney to abandon an objectionable line of examination, the injunction was respected. Some questions were asked which called for

5. NEW TRIAL: abuse of discretion; misconduct.

manifestly incompetent answers, but this fact alone does not establish prejudicial error.   We are satisfied that this ground of the motion for a new trial was properly overruled.   *State v. Beal,* 94 Iowa, 39 ; *State v. Gadbois,* 89 Iowa, 32.

Errors are assigned with reference to rulings on the admission and exclusion of testimony of witnesses by whom it was sought to show that the marks on the two steers brought back from Indiana did or did not correspond with the marks on the steers which disappeared from the Moran pasture. Without setting out the record as to the particular objections made as to each witness, and the rulings thereon, it is sufficient to say that we find no error therein.

The points raised by counsel for appellant have been fully examined, and no further discussion of them seems necessary.

No error appears on the record, and the judgment is *affirmed.*