STATE OF IOWA v. H. B. YATES, Appellant.

**Practice of medicine without certificate:** INDICTMENT: DUPLICITY.
1   An indictment charging a physician in one count with publicly professing to cure and heal persons without having filed for record a certificate from the board of medical examiners, and in the second count with publicly professing to be a physician and unlawfully assuming the duties of the profession without having filed such certificate, is not open to the objection of duplicity; as the acts charged are not stated as separate offenses but as contemporaneous acts, and when construed together constitute the practice of medicine. But even if regarded as charging distinct acts the indictment is not objectionable, for both are prohibited by the Code, section 2580, and may be charged in different counts of the same indictment.

**Same:** FILING OF CERTIFICATE: SURPLUSAGE. The statute makes it
2   an offense for one to practice medicine without filing the proper certificate with the county recorder for record, but when this is done the law is complied with; it does not require that he shall have it recorded, and a charge that defendant practiced medicine without having the certificate filed for record and

recorded is not a material variance from the statute, as the allegation as to recording is purely surplusage.

**Illegal practice of medicine:** EVIDENCE. On a prosecution for practicing medicine without having filed the proper certificate for record, a published article purporting to be a communication from defendant in which he referred to a former arrest for a like offense, and stating that he should continue to do those things for which he was arrested, is held to have been inadmissible, because of no showing that he had been engaged in the illegal practice of medicine prior to the publication of the article. And evidence of his illegal practice prior to a former indictment and acquittal for like offense was also inadmissible.

**Same.** On this prosecution for practicing medicine without having filed the proper certificate, the evidence is held to sustain a conviction for publicly professing to practice medicine and to cure and heal the sick.
Deemer, C. J., dissenting.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY 11, 1910.

DEFENDANT was convicted of practicing as a physician and publicly professing to cure and heal without having recorded with the county recorder a certificate of the State Board of Medical Examiners, as required by Code, section 2580, and from this conviction he appeals.—*Reversed.*

*Thos. W. Keenan,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

McCLAIN, J.—The indictment was in two counts, in the first of which defendant was charged with wrongfully and unlawfully publicly professing to cure and heal a per-

son or persons without having filed for record and recorded with the recorder of the county a certificate from the State Board of Medical Examiners conferring upon him the right to practice medicine, and as a physician publicly professing to cure or heal; and in the second count he was charged with willfully, wrongfully, and unlawfully publicly professing to be a physician, and unlawfully assuming the duties of the profession, without having filed for record and recorded such a certificate.

I. This indictment is not open to the objection of duplicity. In Code, section 2579, it is provided that "any person shall be held as practicing medicine, or to be a physician, who shall publicly profess to be a physician and assume the duties of that profession or who shall make a practice of prescribing or of prescribing and furnishing medicine for the sick, or who shall publicly profess to cure or heal." And in section 2580 it is provided that any person who shall practice medicine in the state without having first obtained and filed for record the required certificate shall be punished as specified in that section. The acts charged are not stated as separate offenses, but as contemporaneous acts, which, construed together, constitute the practice of medicine. *State v. Wilhite*, 132 Iowa, 226. Even if the indictment be interpreted to charge two distinct acts, it is not objectionable, for they are both within the prohibition of Code, section 2580, and it is well settled that different acts enumerated disjunctively in the statute as constituting a specified crime may be conjunctively charged, or may be charged in different counts of the same indictment. *State v. Hubbell*, 137 Iowa, 570; *State v. Stewart*, 138 Iowa, 536.

II. The filing for record of the certificate with the recorder of the county is, under the statute, sufficient in this respect; but the fact that the indictment charges that the defendant practiced medicine "without having filed

*1. PRACTICE OF MEDICINE WITHOUT CERTIFICATE: indictment: duplicity.*

for record and recorded" the certificate required is an im-

**2. SAME:**
**filing of**
**certificate:**
**surplusage.**

material variance from the language of the statute. The filing for record is in fact the recording so far as the holder of the certificate is concerned; but, even if this were not so, the allegation as to recording is purely surplusage.

III. As tending to show that the defendant was pub-licly professing to cure and heal, the court admitted in evidence, over the defendant's objection that it was in-

**3. ILLEGAL**
**PRACTICE OF**
**MEDICINE:**
**evidence.**

competent, irrelevant, and immaterial, an article published in a newspaper purporting to be a communication from defendant in which defendant, referring to a former arrest for a similar offense, stated: "I was arrested on a warrant sworn to by Dr. C. L. Jones accusing me of the practice of medicine and surgery, neither of which I have ever done. . . . I would raise my hand toward high heaven and swear be-fore God and in the presence of men to the infamous lies sworn to in this warrant. If it is a crime to give relief to some afflicted brother, then I am guilty and will con-tinue to do so just as long as there is any justice in courts or any higher courts to appeal to. If it is a crime to do good, I thank God that I am a criminal and will go ahead doing good. You will find me at my old stand." While this language did not contain an unequivocal admission that the defendant had been practicing medicine or professing to heal, it did indicate a purpose to continue to do those things which he had previously been doing and for which he had been arrested. But we find no evidence in the record as to what defendant had been doing in the way of practicing medicine or professing to heal prior to the date of the publication of the article. Such evidence would have been inadmissible, if offered, for the defendant was indicted three days prior to the publication of the article for a similar offense, and on trial was acquitted, and the court in the case now before us held that any evidence of

his acts prior to the time of that indictment was inadmissible. It was not shown that defendant had been engaged in practicing or professing between the time of the former indictment and the date of the publication of the article. Without any evidence, therefore, that plaintiff had prior to the publication of the article been engaged in unlawfully practicing medicine or unlawfully professing to cure and heal, we can not see how the statements in the article tended to show any violation of the statute by defendant. The court erred therefore in admitting testimony as to the publication of the article referred to.

IV. In view of the possibility of another trial, we refer briefly to the contention for appellant that the other evidence was not sufficient to sustain a conviction. One witness testified that a day or two after the former trial defendant said he was healing the sick and curing people; another that he applied to defendant for treatment for an arm injured by a severe fall on the sidewalk, and was told by defendant: "Take off your coat, and I will cure you, and it will be all right when you leave here;" after which defendant worked at him for twenty minutes. Another witness testified that he got acquainted with defendant at a boarding house, and heard him talk with people about the business he was in. "He talked about treating people. He told that he rubbed people and cured them. He said that he was treating people any place he went to. He did not say how many people he treated, nor name, nor describe the treatment he gave his patients." This witness said he applied to defendant for treatment, and was told that he (the witness) "had a bealing in his throat," which defendant rubbed, and said he could relieve. Defendant gave him treatments, but he got no relief. Subsequently, in regard to payment, he told this witness that he was in the habit of charging $5 for three treatments. The witnesses who testified to being treated said that defendant did not use medicine or surgical

4. SAME.

instruments. We think there was enough evidence to sustain a conviction for publicly professing to practice medicine and to cure and heal within the general rule stated by this court in *State v. Heath,* 125 Iowa, 585. But the testimony was not of such unequivocal character, especially in view of the statements of the witnesses on their cross-examination and the testimony of defendant, that we would be justified in holding the admission of the article published in the newspaper over defendant's signature to have been without prejudice. Without this article, and especially the concluding sentence, in which defendant asserted that he would be found at his old stand, the jury might not have found as a matter of fact that defendant was publicly practicing or pretending to cure and heal.

The other assignments of error are without merit; but, for the error above pointed out, the judgment will be reversed, and the case remanded for new trial.—*Reversed and remanded.*

DEEMER, C. J. (dissenting).—I think the testimony which the majority say should not have been admitted was relevant and material to the issue in the case. Defendant admitted that he was relieving afflicted brethren, that he would continue to do so, and could be found at his old stand. This to my mind was an admission which the jury was authorized to consider. I would affirm.