STATE OF IOWA, Appellee, v. VIRGIL KINART, Appellant.

INTOXICATING LIQUORS: Indictment—Dismissal of Count—Effect.
1  The withdrawal of a count charging the keeping of a building for
   the unlawful sale of intoxicating liquors does not defeat the further
   prosecution on another count, which not only repeated said charge,
   but also charged divers unlawful sales of such liquors.

INTOXICATING LIQUORS: Nuisance—Elements of Offense.  The
2  keeping of a place for the unlawful sale of intoxicating liquors
   constitutes a nuisance, even though the keeper thereof neither
   erected nor owns the place.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

## MAY 8, 1923.

### REHEARING DENIED SEPTEMBER 28, 1923.

THE defendant was indicted and convicted upon charge of
maintaining a liquor nuisance.  Motion in arrest and for new
trial denied, and defendant appeals.—*Affirmed.*

*Robertson & Havens,* for appellant.

*Ben J. Gibson,* Attorney-general, and *M. A. O'Brien,* Assist-
ant Attorney-general, for appellee.

WEAVER, J.—The indictment returned was in two counts.
In the first count, defendant is charged with keeping and con-
trolling a building or premises in which, on April 15, 1921, he
kept for sale intoxicating liquors.  In the second count, the same
matter is charged, with the further averment that defendant,
at the time and place named, did sell intoxicating liquors to
divers persons whose names are unknown.  There was a plea
of not guilty.  A jury having been impaneled, defendant by his
counsel "admitted that, if he made any sale of alcohol or liquor
to W. A. Size at the time and place named, he made it inten-
tionally."  He further admitted that, if he had liquor on that
place where he lived, and kept any liquor there at the time this

sale was made to the witness Size, he kept it on that place with intent to sell the same.

In support of the indictment, the State called one. W. A. Size as a witness, who testified that he was a detective or agent in the employ of the county attorney; that, in April of 1921, he went to the place of the defendant's residence, and going to the back porch of the house, called out the defendant and asked him for booze, and was told to "wait here a minute," while defendant stepped outside and came back with a bottle of moonshine whisky, which he delivered to the witness, who paid him $8.00 therefor. The article so purchased witness took away, and delivered it to the sheriff. On cross-examination, the witness says that the bottle was delivered to him inside the screened porch, but not inside the main structure of the building. The bottle, with some of its contents, was put in evidence, and it was admitted that the contents were alcohol. Defendant denied making any sale of liquor to the man Size, and offered other evidence in corroboration. The jury returned a verdict of guilty, and judgment was entered on the verdict.

The verdict has sufficient support in the testimony, and the judgment cannot be disturbed unless prejudicial error is found in some of the rulings made on the trial. Aside from the issue of fact disclosed by defendant's explicit denial of the alleged sale of liquor to Size, the defense is of an extremely technical order. Counsel has assigned 28 different errors, followed by a proportionate number of legal propositions, and elaborated in an argument of 13 divisions. We shall not attempt to follow the course taken in all its convolutions, but refer as briefly as practicable to the leading points sought to be made.

1. The court is asked to discredit the State's witness, and to hold that his testimony does not establish the alleged offense. To this it is enough to say that the credibility of the witness and the weight to be given his testimony were for the jury alone.

2. The first nine of the exceptions preserved have referred to the rulings of the court upon objection to the admission of evidence. We have examined each of these rulings, and think that the court did not err therein.

3. Complaint is made of the refusal of the trial court to give certain instructions asked by the defendant. Some of the

instructions so asked are unobjectionable in form and substance, but the subject-matter thereof was sufficiently and properly covered by the court's own charge. Others not so given or covered are incorrect.

4. Appellant lays some stress on the alleged fact that, on his motion, the court withdrew or struck the testimony of sale in April, 1921, to one Ray Poore. The abstracts do not indicate

1. INTOXICATING LIQUORS: indictment: dismissal of count: effect.

that any such witness was used, or if used, what his testimony was, nor how the exclusion of such testimony is at all material upon the question of defendant's guilt of the sale to Size. The State having announced that it would rely, in making its case, upon the sale to Size, then defendant moved to dismiss the first count of the indictment, and this was granted. Having obtained that ruling (to which it clearly was not entitled) the defense then made the point that such dismissal or withdrawal operated to defeat any prosecution upon the second count. This objection was overruled, and error is assigned thereon. The ruling was right. If, instead of the two counts, the indictment had originally charged only one, it would clearly have been sufficient, and the elimination of the unnecessary count leaves still a valid indictment; and the fact that the first count was stricken did not affect the force or value of the fact of sale as evidence of the nuisance.

5. Counsel seem to say that, to sustain a conviction, it was necessary for the State to show that defendant erected, continued, and used the building in his unlawful business. No

2. INTOXICATING LIQUORS: nuisance: elements of offense.

court has ever held that to such end the building or place must be shown to have been constructed or owned by the accused. It is enough if he made use of the building or place for that purpose. There is evidence that defendant resides at Missouri Valley, and that Size found him at that place of residence, and there was served with liquor by defendant. Again, in his admission at the outset of the trial, he mentioned the place as being "where he lived," and conceded that, if such sale was proved, then he did keep the liquor with intent to sell. It will be seen from this admission that he staked his defense on his ability to disprove the fact of sale, and to clinch it, his counsel submitted to the jury the special interrogatory:

"Do you find from the evidence, beyond all reasonable doubt, that the defendant sold the bottle of whisky to W. A. Size on or about the date alleged in the indictment, as claimed by him?"

The jury answered this interrogatory, "Yes." This of itself would seem to operate as a waiver of any and all technical exceptions to the rulings of the trial court. Defendant selected the single issue upon which he was willing to go to trial. The finding of the jury settled the fact that he did sell the whisky to Size, and his admission establishes the criminal character of the sale.

Further discussion is unnecessary. For the reasons stated, the judgment of the district court is—*Affirmed*.

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.