State of Iowa, Appellant, v. Frank Abel, Appellee.

**INTOXICATING LIQUORS:** Nuisance—Indictment—Duplicity. It is
1 permissible, but wholly unnecessary, to charge the offense of keeping and selling intoxicating liquors in two counts—one charging the "keeping" and one charging the "selling."

**CRIMINAL LAW:** Appeal—Intermediate Orders. Appeal does not
2 lie in a criminal cause from *intermediate* orders: e. g., an order requiring the State to elect on which of two counts it would proceed to trial.

**INDICTMENT AND INFORMATION:** Amendment—Amendment Com-
3 bining Unnecessary Counts. An indictment unnecessarily drawn in two counts may be so amended as to embrace in *one* count all that is charged in *both* counts.

*Appeal from Polk District Court.*—Hubert Utterback, Judge.

JUNE 24, 1924.

APPEAL by the State of Iowa in a criminal case from an order by the district court, requiring the State to elect upon which of two counts in the indictment it would proceed.— *Dismissed.*

*Ben J. Gibson,* Attorney-general, *Vernon R. Seeburger,* County Attorney, and *Loy Ladd,* Assistant County Attorney, for appellant.

*E. S. Thayer,* for appellee.

EVANS, J.—The defendant was indicted for the crime of maintaining a liquor nuisance. The crime charged was set forth therein in two counts, as follows:

"Count I.

"The said Frank Abel, on or about the 1st day of March, A. D. 1922, in the county of Polk in the state of Iowa, and on divers other days and times between the 1st day of March, A. D. 1922, and the finding of this indictment, in the said county willfully and unlawfully did erect, establish, continue, and use a building, erection, and place situate in said county, and did then and there and therein sell intoxicating liquors to divers persons whose names are to this grand jury at this time unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Iowa.

"Count II.

"The said Frank Abel, on the 1st day of March, A. D. 1922, in the county of Polk aforesaid, and on divers other days and times between the 1st day of March, A. D. 1922, and the finding of this indictment in the said county, willfully and unlawfully did erect, establish, continue, and use a building, erection, and place situate in said county, and did then and there and therein own and keep, and was then and there and therein concerned, engaged, and employed in owning and keeping, intoxicating

liquors, with intent unlawfully to sell the same within the said state, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Iowa.''

The defendant first demurred to this indictment on the ground that the language thereof was insufficient to show that the separate counts charged separate and distinct violations of law. This demurrer was properly overruled. Thereafter the defendant moved, upon the same grounds, that the State be required to elect on which one of the counts it would proceed to trial. This motion was sustained, and from such ruling the appeal is taken. It is manifest from the indictment that it charged one offense only, and that the function of the two counts was to state the manner of the commission of the offense in different forms. The first count charged the manner of the offense in that the defendant at such place *did sell* intoxicating liquors; whereas, the second count charged the manner of the offense in that he *did keep for sale* intoxicating liquors at such place. It was quite unnecessary that the offense should have been thus pleaded in two counts, in that both counts could have been included in one. A slight amendment in either count could be made to include both. The indictment could properly have charged the *sale* and *keeping for sale* at such place in one count, and such would have been the better pleading. But it was legally permissible, under the law, to state the same in two counts, where each count states the commission of the offense in different manner. *State v. Kinart,* 196 Iowa 492; *State v. Layton,* 25 Iowa 193; *State v. Yates,* 145 Iowa 332; *State v. Hubbell, Son & Co.,* 137 Iowa 570; *State v. Corwin,* 151 Iowa 420.

1. Intoxicating liquors: nuisance: indictment: duplicity.

The question remains whether the ruling of the court was appealable. The appellee urges that it was not, and has filed a motion to dismiss the appeal on such ground. The appeal is not from a final judgment, but from an intermediate order. The question, therefore, is whether, in a criminal case, an appeal will lie from an intermediate order. Section 5448, Code Supplement, 1913, as amended by Chapter 222, Acts of the Fortieth General Assembly, provides:

2. Criminal law: appeal: intermediate orders.

"The mode of reviewing in the Supreme Court any judgment, action or decision of the district court in a criminal case is by appeal. An appeal can only be taken from the final judgment, and within sixty days thereafter. Either the defendant or State may appeal."

The foregoing is very definite, and leaves nothing for judicial construction. Pursuant to the foregoing, the State was required to try its case to final judgment, regardless of adverse rulings. It might have won its case upon one count. It could have amended either count so as to include the material averments of both. In either of such events, the erroneous ruling of the court would be nonprejudicial, and could furnish no occasion for an appeal to this court. We necessarily hold that the appeal will not lie, and it is accordingly dismissed, at the cost of appellant.—*Dismissed.*

3. INDICTMENT AND INFORMATION: amendment: amendment combining unnecessary counts.

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.