## Hibbard v. Commonwealth.

(Decided Sept. 29, 1933.)

J. J. TYE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was indicted for the offense of child desertion as denounced by section 331i-1 of the Kentucky Statutes, and sentenced to serve one year in the penitentiary. From that judgment he appeals.

The prosecuting witness, Cleta Hall Hibbard, testified that she and the appellant were married on the 8th day of July, 1932, and that the child claimed to have been deserted by appellant was born on the 6th day of October following. She testified positively that, although begotten before marriage, the child was appellant's, and that he had deserted her immediately after the marriage and had done nothing toward the support

of the child from its birth. This was all the testimony offered for the commonwealth.

The appellant then offered to testify that he was not the father of the child in question; that prior to his marriage with Cleta Hall Hibbard he had never had sexual intercourse with her and did not know that she was then pregnant; that immediately after his marriage he discovered that she was pregnant, and that thereupon he at once left her and had never lived with her, and that at no time had he ever had sexual intercourse with her; that at no time before or since the birth of the child in question had he recognized it as his own. The court, believing that the appellant by marrying Cleta Hall Hibbard had closed his mouth thereafter on the question of the paternity of any child born to his wife, refused to permit the appellant to testify as he offered to do. The case was then submitted to the jury with the result above noted.

The sole question presented for review is the propriety of the court's action in refusing to permit the appellant to testify as he offered to do.

Section 331i-1 of the Statutes makes it a felony for a parent of a child to leave, desert, or abandon it in destitute or indigent circumstances. The statute is confined to parents of children. See Commonwealth v. Ray, 196 Ky. 203, 244 S. W. 415. This the commonwealth concedes, but insists that the presumption of legitimacy of a child born in wedlock, even though the mother was visibly pregnant at the time of the marriage, is conclusive, and hence the trial court ruled properly on the offered testimony. Although the rule as stated by the commonwealth prevailed for a long period of time, it has long since been abandoned. See 7. C. J. 941. So in Gibbins' Ex'rs v. Gibbins' Guardian, our superior court, in an opinion, the abstract of which may be found in 13 Ky. Law Rep. 300, thus laid down the law:

"A child born in lawful wedlock is presumed to be legitimate no matter how soon the birth be after marriage, although this presumption may be overcome by proof that the father was incapable, on ground either of impotence or absence, of being father of the child, or where the child was begotten before but was born after marriage, by proof that

the husband did not or could not have begotten the child."

In the case of Sergent, etc., v. North Cumberland Mfg. Co., 112 Ky. 888, 66 S. W. 1036, 23 Ky. Law Rep. .2226, we pointed out that, while it was the general rule that children born in wedlock are conclusively presumed to be legitimate, there are exceptions to that general rule. The same principle was announced and the case brought within the exceptions in the case of Goss v. Froman, 89 Ky. 318, 12 S. W. 387, 11 Ky. Law Rep. 631, 8 L. R. A. 102. In the instant case, the prosecuting witness admitted that the child in question was begotten out of lawful wedlock. Although the subsequent marriage and the birth thereafter of the child raised the presumption of its legitimacy, yet under the circumstances of this case it was open to the appellant to establish if he could, that he had never had sexual intercourse with the prosecuting witness prior to their marriage. The evidence he offered was clearly admissible on this issue, and the court erred in excluding it.

Judgment reversed for proceedings consistent with this opinion.