STATE OF IOWA, Appellee, v. OTTO W. SCHENK, Appellant.

No. 42725.

JULY 17, 1935.

REHEARING DENIED OCTOBER 25, 1935.

512

W. F. Murphy, for appellant.

W. F. Murphy, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Assistant Attorney General, and F. B. Olsen, County Attorney, for appellee.

DONEGAN, J.—The defendant was indicted, tried, and convicted for failing to report an automobile accident as required by section 5073, of the 1931 Code, and he appeals.

This appeal has been presented to this court by printed abstract, briefs, and arguments, in addition to a clerk's transcript, but there is a complete failure in appellant's brief and argument to comply with the rules of this court as to stating the errors relied upon for reversal and the reasons why it is claimed the matters complained of constitute error. Notwithstanding the failure of the appellant in this regard, we have carefully read the entire record and the briefs and arguments on file. As nearly as we can gather therefrom, appellant's complaints are based upon errors of the trial court in its instructions, and in its refusal to sustain the defendant's motion for a directed verdict in his favor.

Section 5073, of the Code of 1931, under which the defendant was indicted, is as follows:

"The operator, immediately after complying with the last preceding section, shall report the accident, together with the said information, at the office of some peace officer as near as practicable to the place of injury or to the county attorney or sheriff of the county in which said injury took place.

"When the accident occurs within the corporate limits of any city of the first class, the accident and all information in connection therewith, as required in this chapter, shall be reported at the office of the chief of police and when reported elsewhere shall not constitute a compliance with the provisions of this section."

Appellant complains of the court's instruction in which the jury was told, in substance, that when an accident such as is

referred to in the statute occurs within the corporate limits of a city of the first class, it is the duty of the operator to immediately report the accident and give the other information required by the statute at the office of the chief of police. The argument, as we understand it, is that the second paragraph of the section providing for the reporting of an accident in cities of the first class does not contain the word "immediately", and that, in the absence of the word "immediately", the requirement of the statute was only that the accident be reported within a reasonable time. We cannot agree with the appellant's construction of the statute. In our opinion, the first paragraph of the statute, which requires that the accident be immediately reported, is applicable to all accidents of which a report is required and the second paragraph merely designates the office at which the report shall be made in case the accident occurs within a city of the first class.

■■■ Appellant devotes considerable argument to the proposition that the injured party was guilty of negligence in crossing the street in a diagonal manner at a point where there was no intersection, and that the accident and any injury to him resulted from his own negligence, and that, under these circumstances, there was no duty upon the appellant to report the accident. In this, also, we think the appellant is mistaken. The circumstances under which a report is required to be made are set out in section 5072, which provides:

"The operator of a motor vehicle who knows that, in the operation of said vehicle, injury has been caused to a person because of the culpability of said operator or because of accident must, before leaving the place of said injury"—the statute then provides for aid to injured party, furnishing of registration number, etc.

This statute clearly indicates that the required report shall not only be made in cases where the operator of the vehicle causing the injury was culpable, but also where the injury is caused by accident, and section 5073, under which appellant was indicted, requires that "the operator, immediately after complying with the last preceding section, shall report the accident," etc. In the case at bar, moreover, the jury was instructed that, if it found that the injury, if any, was the result of the negligence or want of due care on the part of the injured person, they should acquit the defendant. There was ample evidence from

which the jury might have found that the injury resulted from the culpability of the appellant, and we find no prejudicial error in the court's instructions in reference to requiring a report to be made.

Much of the argument is devoted to the proposition that the evidence clearly shows that the appellant had no knowledge that the person who was struck by his automobile was hurt, and that under this condition no report was required under the statute. While it may be conceded that some of the evidence introduced tended to support this contention of the appellant, there is clearly and unmistakably an abundance of evidence to the contrary. This proposition was submitted to the jury in the court's instructions, and, there being sufficient evidence upon which to base the jury's finding, this court cannot interfere with the verdict simply because there was evidence to the contrary and upon which the jury might have reached a different verdict.

■■■ Considerable stress is laid upon the complaint that the court in its instruction No. 8, after telling the jury that the defendant had a right to testify in his own behalf, and that, having done so, they must consider his testimony, the court proceeded to tell the jury that the defendant was an interested witness and testified from an interested standpoint, that as such they should consider his testimony, and that when they did this, with all the other circumstances divulged by the evidence, they should give the defendant's testimony such weight in connection with the other evidence in the case as they thought it entitled to. In this connection appellant complains that no reference was made either in this instruction or in any other instruction to the fact that several character witnesses had testified in favor of the appellant, and contends that, if the court saw fit to instruct the jury in regard to appellant's interest in the case, it should also have instructed them to consider the testimony of the character witnesses. The instruction, however, does tell the jury that testimony of the plaintiff should be considered *"with all other circumstances* divulged by the evidence", and that the jury should "give the testimony (of appellant) such weight *in connection with the other evidence* in this case"* as they think it entitled to. While we think it would have been entirely proper for the court to have made some reference to appellant's character witnesses in connection with this instruction, no request for any such further instruction appears to have been made by the appellant.

We think the instruction given is correct so far as it goes, and, in the absence of any request for further instruction, we find nothing in connection with this instruction which would constitute prejudicial error.

We have endeavored to consider the propositions upon which appellant asked for a reversal in so far as we could discover such propositions in the brief and argument of appellant. In addition thereto, we have carefully examined the record as shown by the abstract and transcript, and, so far as we can discover, there is nothing in this record that would constitute reversible error.

The judgment of the trial court is, therefore, affirmed.— Affirmed.

KINTZINGER, C. J., and all Justices concur.