WAYLAND HEATH, Appellant, v. LOUISE HEATH, Appellee.

No. 43546.

NOVEMBER 17, 1936.

REHEARING DENIED MAY 17, 1937.

George Wrightman, for appellant.

T. H. Haynes, for appellee.

HAMILTON, J.—The youthful husband, plaintiff herein, charges his young bride with being pregnant by another, of which he says he had no knowledge at the time of marriage. He bases this on the alleged fact that he never met his wife until "about May 15, 1934" and that she was delivered of a normal, full-time child on December 24, 1934. The doctor attending her testified that normally the child would have been conceived about March 17, 1934. The girl testified she first met the plaintiff about the middle of April, 1934. Each of these parties was corroborated to some extent by other witnesses.

**█ █** When a child is born in wedlock, the law presumes legitimacy. This court said in Craven v. Selway, 216 Iowa 505, 508, 246 N. W. 821, 823:

"This rule is founded on decency, morality, and public policy. By that rule, the child is protected in his inheritance and safeguarded against future humiliation and shame. Likewise, under the rule, the family relationship is kept sacred and the peace and harmony thereof preserved. No one, by incompetent evidence, can malign the virtue of the mother, and no one, by such evidence, can interrupt the harmony of the family relationship and undermine the sanctity of the home. Wallace v. Wallace (137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761), supra; Bruner v. Engeles, 88 Okl. 277, 213 P. 307; Sergent v. North Cumberland Mfg. Co., 112 Ky. 888, 66 S. W. 1036; Cross v. Cross, 3 Paige (N. Y.) 139, 23 Am. Dec. 778.

"Such presumption of legitimacy may be rebutted by showing: First that the husband is impotent; second, that the husband was entirely absent so as to have no access to the mother; third, that the husband was entirely absent at the period during which the child, in the course of nature, must have been begotten; and, fourth, that the husband was present only under circumstances which afford clear and satisfactory proof that there was no sexual relationship between him and his wife. Wallace v. Wallace (137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761), supra; Riley v. State (187 Wis. 156, 203 N. W. 767), supra; Phillips v. State ex rel. Hatchcock, 82 Ind. App. 356, 145 N. E. 895; In re Lewis' Estate, 207 Wis. 155, 240 N. W. 818; Taylor v. Whittier, 240 Mass. 514, 138 N. E. 6; Saunders v. Fredette, 84 N. H. 414, 151 A. 820.

These propositions must be established by clear, satisfactory, convincing, and competent evidence.''

Plaintiff's case is based on nonaccess. On this point the evidence is in conflict. Counsel for plaintiff in argument contends evidence of defendant bearing on this question of access or nonaccess was inadmissible. The record shows all this testimony went in without objection. After the evidence was closed, plaintiff moved that the testimony of defendant, Louise Heath, in regard to access of the plaintiff to her be stricken. The trial court evidently considered the same came too late, made no ruling, and the evidence remains in the record.

The first meeting of these young litigants took place at school. Plaintiff says it was some time in the month of May. No record was kept. The other school children called as witnesses for plaintiff fix the date of the first introduction of these parties in May, because they say it was "about" three weeks before school was out, and school was out June 8th. This trial took place more than a year later. Plaintiff freely admits he married the defendant to avoid prosecution for statutory rape. His story is that in the first instance the girl enticed him, that she was the aggressor, and that he yielded reluctantly after she informed him she knew how to avoid getting into trouble; that he thought she was 17 at that time, but that after his arrest she claimed she was but 15 years of age. He was taken from the jail to the clerk's office where a marriage license was procured. He said he told the officers at the time he would not live with her. He also claims he was inveigled into going to the home of a neighbor the night of the marriage, and after much persuasion took three glasses of beer, and in this condition he was left in the house in a room alone with his new bride. That he lay down across the bed fully dressed and remained in that position all night, and when he awoke next morning his girl wife was undressed and in this same bed. She says he went to bed first and she with him and they slept together and had intercourse that night and twice afterwards. The trial court heard all this. He had an opportunity to observe the witnesses. His observations and conclusions appear in the record. We are not disposed to interfere with the decree rendered. It would be an easy matter for the school children to be mistaken as to the month the first introduction of these parties took place. Such evidence cannot

be said to be satisfactory. This, coupled with the age-old cry, "Eve did it," put forth by the plaintiff, in the eyes of the court, does not outweigh the presumption of legitimacy of this child born in lawful wedlock.

■■■ Counsel for plaintiff contend there was no evidence of cruel and inhuman treatment. The character of the charge made against his wife, both in his sworn petition and as a witness in the case, if not substantiated, furnishes ample evidence of cruel and inhuman treatment. To compel this woman to continue to live with the plaintiff would be intolerable. The decree of the trial court will be and is affirmed.—Affirmed.

PARSONS, C. J., and ANDERSON, DONEGAN, KINTZINGER, RICHARDS, ALBERT, MITCHELL, and STIGER, JJ., concur.