STATE OF IOWA, Appellee, v. WAYLAND HEATH, Appellant.

No. 43990.

NOVEMBER 23, 1937.

George Wrightman, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Carl A. Burkman, County Attorney, and Francis J. Kuble, Asst. County Attorney, for appellee.

KINTZINGER, J.—The prosecuting witness and the defendant were married on or about the 18th of August, 1934, and a child was born to the wife on December 24, 1934, while the parties were in lawful wedlock. The defendant claims that he never met his wife until May 15, 1934, and, therefore, was not and could not have been the father of the child. There is, however, a con-

flict in the evidence as to when the prosecuting witness and the defendant first met. The evidence on the part of the State tends to show that she first met the defendant about the middle of April, 1934, while defendant testified that he never met the prosecuting witness until May 15, 1934.

The facts in this case are substantially similar to the facts involved in the case of Heath v. Heath, 222 Iowa 660, 269 N. W. 761. The defendant in this case was the plaintiff in that case, and the defendant in that case is the prosecuting witness in the case at bar. The facts and the law in that case were fully considered by this court in a well-considered opinion by Justice Hamilton, the present Chief Justice, and a reference thereto is hereby made for an additional review of the facts and law applicable thereto. In that case we said:

"When a child is born in wedlock, the law presumes legitimacy. This court said in Craven v. Selway, 216 Iowa 505, 508, 246 N. W. 821, 823:

" 'This rule is founded on decency, morality, and public policy. By that rule, the child is protected in his inheritance and safeguarded against future humiliation and shame. Likewise, under the rule, the family relationship is kept sacred and the peace and harmony thereof preserved. No one, by incompetent evidence, can malign the virtue of the mother, and no one, by such evidence, can interrupt the harmony of the family relationship and undermine the sanctity of the home. [Citing cases.]

" 'Such presumption of legitimacy may be rebutted by showing: First, that the husband is impotent; second, that the husband was entirely absent so as to have no access to the mother; third, that the husband was entirely absent at the period during which the child, in the course of nature, must have been begotten; and, fourth, that the husband was present only under circumstances which afford clear and satisfactory proof that there was no sexual relationship between him and his wife. Wallace v. Wallace, (137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761) supra; Riley v. State, (187 Wis. 156, 203 N. W. 767) supra; [Citing other cases]. These propositions must be established by clear, satisfactory, convincing, and competent evidence.' "

In Heath v. Heath, supra, plaintiff sought a divorce on the

ground that his wife at the time of their marriage was pregnant by another man. He also contended that, although he knew that fact, he was compelled to marry her under threat of prosecution for statutory rape.

The defendant in that case filed a cross-petition asking a divorce from her husband on the ground of cruel and inhuman treatment, alleging, inter alia, that the character of the charge made by plaintiff against his wife, both in his sworn testimony and in his petition in that action, was ample evidence of cruel and inhuman treatment. The lower court in that case found against the plaintiff and for the defendant. On appeal to this court the case was tried anew and the decree of the lower court affirmed. Heath v. Heath, 222 Iowa 660, 269 N. W. 761. As hereinabove stated, the facts and the law applicable thereto in the former action were practically identical with those in the case at bar.

Although defendant contends he did not have access within sufficient time to be considered the father of the child, a careful reading of the record shows that there is evidence in the record, unobjected to, tending to show that he did have such access. This evidence upon the question of access was conflicting and, therefore, one of fact for the jury.

It is true that in the case of Heath v. Heath, supra, the burden of proof was upon the wife to establish her cross-petition by a *preponderance* of the evidence. The only substantial difference between that case and this is that here the burden of proof is upon the State to establish its case *beyond a reasonable doubt*. In this case the court properly instructed the jury upon the question of reasonable doubt and no complaint thereof is made herein. There was a conflict in the evidence relating to the paternity of the child in that case, and there is a similar conflict in the evidence on that issue in this case. The lower court in this case fairly submitted that issue to the jury, and the defendant was found guilty.

There being a conflict in the evidence as to the paternity of the child that question was properly submitted to the jury. The weight and sufficiency of the evidence is for the determination of the jury. State v. Sampson, 220 Iowa 142, 261 N. W. 769; State v. Greenland, 125 Iowa 141, 100 N. W. 341; State v. Schenk, 220 Iowa 511, 262 N. W. 129; State v. Manly, 211 Iowa 1043, 233 N. W. 110; State v. Pray, 126 Iowa 249, 99 N. W.

1065; State v. Smith, 28 Iowa 565; State v. Wilbourn, 219 Iowa 120, 257 N. W. 571; State v. Lowenberg, 216 Iowa 222, 243 N. W. 538.

In State v. Pray, 126 Iowa 249, 1. c. 253, 99 N. W. 1065, 1066, this court, speaking through Justice McClain, said:

"Counsel urge that the evidence is not sufficient to establish the guilt of defendant beyond a reasonable doubt, but that is for the jury to say. We do not pass on the question of reasonable doubt in reviewing a case on the evidence. If there is competent evidence tending to support the verdict, and the jury have been properly instructed with reference to reasonable doubt, their verdict is final on that question."

This rule is supported and adhered to in the recent case of State v. Lowenberg, 216 Iowa 222, 1. c. 227, 243 N. W. 538, 541, in which this court says:

"It is strenuously argued by counsel that the evidence is utterly insufficient to sustain the verdict. This is the vital and controlling question in this case. It is peculiarly the province of the jury to pass upon questions of fact. Reversal upon the ground of the insufficiency of the evidence to justify a conviction will follow only where the evidence to support the verdict is so utterly wanting that it cannot be sustained. State v. Manly, 211 Iowa 1043, 233 N. W. 110; State v. Glendening, 205 Iowa 1043, 218 N. W. 939; State v. Cordaro, 206 Iowa 347, 218 N. W. 477; State v. Kinart, 196 Iowa 492, 193 N. W. 413; State v. Madden, 170 Iowa 230, 148 N. W. 995."

The case of Heath v. Heath, supra, was an equity case and tried anew in this court. As above stated, this court on that appeal also found that the defendant was the father of the child in question.

Other errors are alleged, but in view of our conclusion on the finding of the jury as to the parentage of the child, we find no merit therein.

For the reasons herein expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, PARSONS, STIGER, and SAGER, JJ., concur.