STATE OF IOWA, Appellee, v. ELMER DE KRAAI, Appellant.

No. 43851.

NOVEMBER 23, 1937.

C. F. Reed and H. S. Life, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, and George F. Mikesh, County Attorney, for appellee.

KINTZINGER, J.—At the close of the evidence defendant filed a motion for a directed verdict. This was overruled and the jury brought in a verdict of guilty against defendant. The only error alleged is that the evidence was not sufficient to sustain the verdict.

During the night of November 6, 1935, about nineteen sheep were stolen from the farm of Harvey Bundy in Howard County, Iowa. There was competent evidence in this record tending to show that a certain Ford truck belonging to the de-

fendant was seen in the vicinity of the Bundy farm on the night of November 6, 1935. The evidence also tends to show that there were two men in this truck at that time. The evidence also tends to show that the defendant, De Kraai, was the owner of the truck and that he never allowed it to be driven or used by anyone except himself, except that it was used on one certain night by a Mr. De Koning, who was later convicted of a similar offense, as shown in the case of State v. De Koning, 223 Iowa 951, 274 N. W. 25.

The evidence also shows that the wheel tracks of defendant's truck were found on Mr. Bundy's farm running from the gate up to within a few feet of the door of the barn in which the sheep were kept on the night they were stolen. The evidence also shows that a certain feed lot in the vicinity of Oskaloosa, Iowa, was rented from a farmer by defendant and De Koning for the purpose of sojourning domestic animals for a short time until they were sold. The evidence also shows that such animals were always brought to this feed lot during the nighttime. The evidence also shows that Mr. Bundy's sheep were taken to a stock sale pavilion at Albia, Iowa, where the sheep were sold to a farmer named Moore. These sheep were identified as those stolen from Mr. Bundy's farm on November 6, 1935, and were returned to him.

When the sheep were received at the stock pavilion they had been consigned to Leonard De Koning. There is evidence tending to show that the stolen sheep were brought to the Albia Sales Pavilion by De Koning in defendant's truck, that they were delivered for sale, and when sold they were paid for by a check, introduced in evidence, of the Albia Sale Company payable to Leonard De Koning in the sum of $187. This check was endorsed by Leonard De Koning and Elmer De Kraai, and the evidence tends to show that it was cashed by defendant.

The defendant failed to take the witness stand, and there was no denial on his part that his truck was at the Bundy farm in Howard County on the night of November 6, 1935; he did not deny that he was in his truck with another man on the night of November 6th when it was seen by certain witnesses; he did not deny that he delivered the stolen sheep to the Albia Sales Pavilion, or that he or De Koning had stolen them from the Bundy farm. This evidence was competent as tending to show that the defendant was guilty of the crime charged.

■■■ Where there is competent evidence tending to support the verdict, the judgment is final. State v. Pray, 126 Iowa 249, l. c. 253, 99 N. W. 1065; State v. Smith, 28 Iowa 565; State v. Wilbourn, 219 Iowa 120, 257 N. W. 571.

■■■ The weight and sufficiency of the evidence is for the determination of the jury. State v. Sampson, 220 Iowa 142, 261 N. W. 769; State v. Greenland, 125 Iowa 141, 100 N. W. 341; State v. Schenk, 220 Iowa 511, 262 N. W. 129; State v. Manly, 211 Iowa 1043, 233 N. W. 110.

In State v. Pray, 126 Iowa 249, l. c. 253, 99 N. W. 1065, 1066, this court, speaking through Justice McClain, said:

"Counsel urge that the evidence is not sufficient to establish the guilt of defendant beyond a reasonable doubt, but that is for the jury to say. We do not pass on the question of reasonable doubt in reviewing a case on the evidence. If there is competent evidence tending to support the verdict, and the jury have been properly instructed with reference to reasonable doubt, their verdict is final on that question."

No complaint is made against the court's instructions and no other errors have been alleged. We are, therefore, constrained to hold that the trial court was right in submitting this case to the jury and in overruling defendant's motion for a directed verdict. For the reasons herein expressed, the judgment of the trial court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, PARSONS, and SAGER, JJ., concur.