THE STATE OF IOWA, Appellant, v. CASPER MILLER, *et al.*, Appellees.

**Unlawful Cohabitation : EVIDENCE: DECLARATIONS.** Where a man and a woman have been indicted jointly for lewd cohabitation, proof of the declarations of one of the defendants to third persons, and not in the presence of the other defendant, is admissible in evidence; but the jury should be instructed as to the effect to be given such testimony.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

MONDAY, OCTOBER 13, 1890.

INDICTMENT for lewd and vicious cohabitation. On motion of defendants, the court directed a verdict in their favor, and the plaintiff appealed.

*John Y. Stone*, Attorney General, and *C. S. Ranck*, County Attorney, for the State.

No appearance for appellees.

GRANGER, J.—I. The defendant Unger is a married woman, but not the wife of her codefendant, Miller. The testimony shows that she was absent from the home of her husband much of the time specified in the indictment, and at the home of Miller, doing work in and about his house, as would a housewife; and in many respects they lived together as would husband and wife. As to unlawful intercourse, there is testimony tending in some degree to show it; and the county attorney, with a view to more fully establish the facts, sought to prove statements of one of the defendants made in the absence of the other, which the court refused to permit, saying, that "conversations of one party without the other was present are not admissible in this case." It is true both defendants are on

trial, but the rule is, in such cases, that, if the testimony is material as to one it may be admitted, and the court should by its instructions guard the jury as to the application. *People v. Arnold*, 46 Mich. 268 ; 9 N. W. Rep. 406 ; *People v. Maunausau*, 60 Mich. 15 ; 26 N. W. Rep. 797 ; *Jordan v. State*, 1 South. Rep. 577. While it may be true that in such a case the guilt of one is inconsistent with the innocence of the other, it is true that the testimony may be sufficient to convict one and not the other.

II.   The remaining point in the case presents the question, whether the court erred in refusing to submit the case to the jury.   The motion on which the court based its instruction to the jury to find for the defendants presents as a ground that the testimony "is not sufficient in law to sustain a verdict of guilty." We have no argument for the appellees.   The testimony on which it is sought to show the fact of criminal intimacy between the defendants is circumstantial, and of such a character that a majority of this court are of the opinion that there was no error in the instruction of the district court.   Considering the importance of the question, the fact that the action of the district court is conclusive in this case, and that we are unaided by brief and argument, as we should be, we think it unadvisable to embarrass a future presentation of the question by a reference to the facts.

Under the provision of Code, section 4539, the judgment of the district court must remain for the purposes of this case ; but its action in excluding the offered testimony REVERSED.