[No. 674. Decided November 17, 1892.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN A. KEMP, *Respondent*.

CRIMINAL LAW — DISMISSAL FOR LACK OF JURISDICTION — STATE'S RIGHT OF APPEAL.

Under Code Proc., § 1402, providing that no appeal shall be allowed to the state in any criminal action excepting when the error complained of is in setting aside the indictment or information, or arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, the state is not authorized to prosecute an appeal where an information has been dismissed on the ground that the court has no jurisdiction of the person of defendant.

*Appeal from Superior Court, Pierce County.*

Four informations charging the crime of larceny by embezzlement having been filed against John A. Kemp, and he being in the State of Iowa at the time, requisition in one case was made upon the governor of that state for his return here for trial. The defendant having been placed upon trial upon an information other than the one upon which requisition had issued, the court, upon defendant's motion, dismissed the cause and discharged him from custody.

*W. H. Snell*, Prosecuting Attorney, and *Charles Bedford*, for The State.

*Pritchard, Stevens, Grosscup & Seymour*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This proceeding was commenced by the filing of an information against the defendant, charging him with the crime of embezzlement, under our statute. A plea of not guilty was duly entered by such defendant, and when the cause came on for trial, a motion was made by him to dismiss the action for the reason that the court had no jurisdiction of his person. The motion was granted by the trial court, and from the judgment of dismissal rendered thereon the state has brought the case here for review.

The question presented by the brief of the appellant is an important one, and we should be glad to enter upon its discussion at this time if we could properly do so, but the view we take of our statute compels us to hold that we have no jurisdiction of this cause. In our opinion the question decided by the court below was not one from which an appeal would lie to this court at the suit of the state. It is specially provided in § 1402, Code of Procedure, that "no appeal shall be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or arresting the judgment, on the ground that the facts stated in the indictment or information do not constitute a crime." From this provision it will be seen that the ruling of the court below in a criminal action is subject to review here at the instance of the state only when such ruling is as to the sufficiency of the indictment or information, and as the question passed upon by the court, as shown by the record in this case, was not of that nature, it follows that no appeal could be had by the state to this court.

The appeal must be dismissed for want of jurisdiction to hear and determine the question presented.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.