STATE OF IOWA v. C. W. and LULU JOHNSON.

Intoxicating liquors: SEIZURE: EVIDENCE. Where it appeared that defendants kept a restaurant and grocery store, occupying the same building as a residence, and that a barrel of beer belonging to them was kept in the grocery department, a *prima facie* case was made authorizing seizure of the beer, as having been kept for unlawful sale; and the question of whether the beer was owned and kept by defendants for their personal use was for the jury, under the evidence, and the order discharging the defendants and exonerating the bond was erroneous.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY, Judge.

TUESDAY, NOVEMBER 19, 1912.

IN proceedings instituted before a justice of the peace of Polk county for the condemnation and destruction of a barrel of beer, alleged to have been kept by defendants for sale in violation of law, the justice ordered that said property be condemned and destroyed. On appeal to the district court, the case was taken from the jury, after the introduction of the evidence, and the defendants were discharged; the sheriff being ordered to return the liquor seized to the defendants. From this order, the plaintiff appeals.— *Reversed.*

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General for the State.

No appearance for appellee.

PER CURIAM.—The evidence received for the state tended to show that defendants were running a restaurant and grocery store, residing in the same building, and that the liquor seized was the property of defendants and kept in the grocery store. By Code, section 2427, it is provided that "the finding of intoxicating liquors in the possession of one not legally authorized to sell or use the same, except in a private dwelling house which does not include or is not used in connection with a tavern, public eating house, restaurant, grocery or other place of public resort, or the finding of the same in unusual quantities in a private dwelling house or its dependencies of any person keeping a tavern, public eating house, grocery or other place of public resort, shall be presumptive evidence that such liquors are kept for illegal sale." By Code, sections 2413–2416,

it is provided that intoxicating liquor kept for illegal sale may, in a proper proceeding, be seized, condemned, and destroyed.

The evidence, therefore, made out a *prima facie* case for the condemnation of the liquor seized, and the question of fact, as to whether the evidence tending to show that the liquor was owned and kept for the personal use of defendants was sufficient to overcome the *prima facie* case made out for the prosecution, was for the jury. The ruling of the court, taking the case from the jury, was therefore erroneous as a matter of law, in denying to the evidence for the prosecution the presumptive force given to it by the statute. Although we find that the court erred, as a matter of law, in its ruling taking the case from the jury, we have no authority to reverse the judgment on that ground. Having pointed out the error committed by the lower court, we have performed the function delegated to us on appeal by the state in a criminal case. See Code, section 5463.

The decision of the lower court, discharging the defendants and exonerating their bond, and directing the return of the liquor seized to the defendants, is affirmed; but the ruling of the court directing a verdict for the defendants is,—*Reversed.*