STATE OF IOWA, Appellant, v. A. J. MEYER, Appellee.

INTOXICATING LIQUORS: Unlawful "Dispensing"—Jury Question. Evidence that an accused made known to others the location of a cache of intoxicating liquors, assisted in actually locating it, and thereupon, jointly with the other parties, consumed the liquors, presents a jury question on the issue of "unlawful dispensing" of such liquors.

Headnote 1: 33 C. J. pp. 786, 790 (Anno.)

*Appeal from Buena Vista District Court.*—JAMES DE LAND, Judge.

APRIL 5, 1927.

The defendent, A. J. Meyer, was indicted by the grand jury of Buena Vista County upon a charge of unlawfully dispensing intoxicating liquors. At the conclusion of the evidence for the State, a verdict was directed in his favor. The State appeals.—*Reversed.*

*John Fletcher*, Attorney-general, and *Charles E. Pendleton*, County Attorney, for appellant.

*Bailie & Edson*, for appellee.

STEVENS, J.—The defendant, at the time it is alleged the offense with which he is charged was committed, was marshal of

the town of Sioux Rapids. At the conclusion of the State's case, the court sustained a motion for a directed verdict, upon the ground that the evidence was insufficient to convict. The indictment charged that the defendant, on or about July 11, 1925, did unlawfully dispense intoxicating liquor to various persons named therein. It was shown upon the trial that, on or about the date stated, a number of mechanics employed in a local garage were sitting in front thereof, and that one of them said to the defendant, when he came upon the scene, that it would be a good evening for a drink; that the defendant replied that he "knew where some was." In answer to a further inquiry, he informed the parties where there was a bottle containing alcohol mixed with water, and told them how to find it, saying that he had just had a drink out of the bottle. A search resulted in yielding no results. Thereupon, defendant loaned one of the parties his flash light, by the aid of which the bottle was located, brought into the company of the defendant and the others assembled, and the contents drunk. It is claimed by the State that this constituted a violation of Section 1924 of the Code of 1924, which prohibits anyone, by himself, clerk, servant, employee, or agent, from directly or indirectly, upon any pretense or by any device, *dispensing* any intoxicating liquor, except as is provided in Title VI of the Code.

The appeal being by the State, the judgment of the district court cannot be reversed. The court may point out any error in the proceedings, and its decision thereon shall be obligatory as law. Section 14012, Code of 1924. On appeal by the State, the court will only discuss and dispose of those questions which are proper to be determined as precedents in other cases. *State v. Mackey*, 82 Iowa 393; *State v. Gilbert*, 138 Iowa 335. The only possible question presented upon this appeal the decision of which could be of use as a precedent for the future guidance of the court would be to again define the word "dispense." A definition that would meet every conceivable situation or transaction is manifestly impossible. We have in several cases defined the term, as used in the statute. *Sawyer v. Frank*, 152 Iowa 341; *State v. Johns*, 140 Iowa 125; *Shideler v. Tribe of the Sioux*, 158 Iowa 417. The definitions in the foregoing cases are as nearly complete as can well be made.

A majority are of the opinion that the court should have

submitted this case to the jury by proper instructions defining the term "dispensing intoxicating liquors." The ruling of the court withdrawing the case from the jury is, accordingly, reversed.—*Reversed*.

EVANS, C. J., and FAVILLE, VERMILION, and MORLING, JJ., concur.