STATE OF IOWA, Appellant, v. HOMER LITTLE, Appellee.

No. 39875.

DECEMBER 13, 1929.

REHEARING DENIED APRIL 16, 1930.

*John Fletcher*, Attorney-general, and *Blanchard W. Preston*, County Attorney, for appellant.

*McCoy & McCoy* and *C. C. Orvis*, for appellee.

STEVENS, J.—The indictment in this case charged the defendant with the crime of perjury, committed upon the trial of a case in the district court entitled State of Iowa v. DeLong. The indictment in that case charged the defendant with operating a motor vehicle while intoxicated. The basis of the charge of perjury is that the defendant, when called as a witness before the grand jury, testified that he saw the defendant get out of his car and go into a restaurant, where he remained for a few minutes, and that, when he returned, he could smell intoxicating liquor on his breath, and that he "staggered." As a witness upon the trial, he testified that, when he saw the defendant De-Long on the same occasion, he "stumbled." The change in the testimony from the use of the word "staggered" before the grand jury to "stumbled" upon the trial of the case constitutes the basis for this prosecution. Aside from two or three rulings of the court upon the admissibility of testimony offered by the State, which are too clearly correct to require discussion, the only proposition urged for review is the ruling of the court sustaining the motion of the defendant to direct the jury to return a verdict of acquittal. As some possible confusion has found its way into the decisions of this court as to the scope of the review permitted on appeals by the State, we deem it proper to go somewhat at length into this question.

Section 13994 of the Code of 1927 provides that either the defendant or the State may appeal.

Section 14012 limits somewhat the scope of the review when the appeal is by the State. This section is as follows:

"If the State appeals, the Supreme Court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in

the measure of punishment, and its decision shall be obligatory as law."

These sections are almost identical in language with the corresponding sections in the Revision of 1860, Section 4926; the Code of 1873, Section 4539; and the Code of 1897, Section 5463.

Commencing with *State v. Kinney*, 44 Iowa 444, appeals by the State presenting questions of law for the future guidance of courts have always been sustained. The court, in the cited case, referring to Section 4539 of the Code of 1873, said:

"Under this provision, the Supreme Court cannot interfere with the judgment of the district court on an appeal of this character. The effect of the decision in this court is nothing more than an authoritative exposition of the law to be followed by the inferior courts. This provision applies to all appeals by the State, whether they be from judgments rendered upon trials on the merits, or judgments upon demurrers and motions."

The rule thus stated has been followed and reaffirmed in many later cases. *State v. Mackey*, 82 Iowa 393; *State v. Jackson*, 128 Iowa 543; *State v. Gilbert*, 138 Iowa 335; *Town of Scranton v. Hensen*, 151 Iowa 221; *State v. Fairmont Cream. Co.*, 153 Iowa 702; *State v. Johnson*, 157 Iowa 248; *State v. Meyer*, 203 Iowa 694.

The same rule was recognized in each of the following cases, which will serve to illustrate the nature of the questions which may be reviewed by this court on appeals by the State. *State v. Keeler*, 28 Iowa 551; *State v. Beckey*, 79 Iowa 368; *State v. Ford*, 161 Iowa 323; *State v. Ward*, 75 Iowa 637; *State v. Fields*, 106 Iowa 406; *State v. Alverson*, 105 Iowa 152; *State v. Sexsmith*, 202 Iowa 537.

There is considerable diversity in the statutes of the different states permitting the State to appeal; but, so far as the decisions have been brought to our attention, the rule quoted above is universally followed by the courts of this country. *State v. Parker*, 5 Ala. App. 231 (59 So. 741); *State v. Moody*, 150 N. C. 847 (64 S. E. 431); *State v. Murrey*, 30 Wash. 383 (70 Pac. 971); *State v. Kemp*, 5 Wash. 212 (31 Pac. 711); *State v. Hart*, 88 N. J. Law 48 (95 Atl. 756); *State v. Morris* (Ala.),

39 So. 589; *Territory v. Norris,* 12 Ariz. 176 (100 Pac. 459); *State v. Clerkin,* 58 Conn. 98 (19 Atl. 517); *State v. Frisbee,* 8 Okla. Cr. 406 (127 Pac. 1091); *People v. Damron,* 212 N. Y. 256 (106 N. E. 67).

In *State v. Miller,* 81 Iowa 72, in which the State was the appellant, one of the rulings of the trial court complained of was the sustaining of a motion by the court for a directed verdict. This court declined to pass upon this question in that case, but indicated that, under some circumstances, it might do so.

We said in *State v. Meyer,* supra, that, on an appeal by the State, we will only discuss and dispose of those questions which are proper to be determined as precedents in future cases. However, as a majority of the court in that case desired to express an opinion as to the propriety of the court's ruling on the motion to direct a verdict, the cause was reversed. The rule announced above was adhered to in each of the following cases: *State v. Mackey,* 82 Iowa 393; *State v. Kulough* (Iowa), 133 N. W. 706 (not officially reported); *State v. Gilbert,* 138 Iowa 335; and other cases cited supra.

The court in *State v. Johnson,* 200 Iowa 324, *State v. Drain,* 205 Iowa 581, and *State v. Woodruff,* 208 Iowa 236, reviewed and passed upon the ruling of the court sustaining motions for directed verdicts. In each of these cases, questions of law properly reviewable by this court were presented, and the decision was general in character, and fully went into all of the propositions argued on behalf of the State. In none of these cases did the court pass upon the question as to the scope of the review permitted. So far as we are familiar with the decisions of the courts in other jurisdictions, the rule is universal that the court will not, on appeal by the State, review error alleged upon a ruling directing an acquittal. *Commonwealth v. Brand,* 166 Ky. 753 (179 S. W. 844); *State v. Glenn Lbr. Co.,* 83 Kan. 399 (111 Pac. 484); *State v. Savery,* 126 N. C. 1083 (36 S. E. 22); *People v. Tomsky,* 20 Cal. App. 672 (130 Pac. 184); *State v. Buechler,* 57 Ohio St. 95 (48 N. E. 507); *State v. Morrison,* 165 Ind. 461 (75 N. E. 968); *State v. Miller,* 82 Wash. 477 (144 Pac. 693); *People v. Knowles,* 27 Cal. App. 498 (155 Pac. 137).

The acquittal of the defendant rendered him immune from further prosecution for the same offense. A decision by this court finding error in the ruling on a motion to direct a verdict,

even if it be conceded that a question of law is thereby presented, would be a mere abstract declaration, of no possible value to the court in this or any future case.

It is well said by the Supreme Court of Arkansas in *State v. Spear*, 123 Ark. 449 (185 S. W. 788), that:

"It is clear that appeals in felony cases are not allowed by the State except in cases where it is important to have the court correct errors which prevent the 'uniform administration of the criminal law.' Appeals are not allowed merely to demonstrate the fact that the trial court has erred. * * * The State has no right to ask for the decision of this court on a question which is purely abstract in its nature, and we are of the opinion that the statute does not contemplate an appeal in a case in which the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury."

The purpose of Section 14012 can hardly be misunderstood. It is to secure review by the higher court of erroneous rulings by the district court on questions of law which may be of use to the court and the profession in the administration of the criminal law. As is illustrated by many cases cited from this and other jurisdictions, questions of law which affect the State adversely, and go directly to the proper administration of the criminal law, may, of course, arise. When they do, and the question is one in which an appeal is permitted, the court must pass upon it, and announce the rule by which trial courts are in the future to be guided. Nothing could be more useless than appeals by the State from rulings directing verdicts of acquittal, unless a question of law, other than the mere sufficiency of the evidence to sustain a conviction, is involved. The ruling of the court below directing the jury to return a verdict of not guilty does not present a question of law which this court is required to review. The judgment must be affirmed.—*Affirmed*.

ALBERT, C. J., and FAVILLE, DE GRAFF, MORLING, KINDIG, and GRIMM, JJ., concur.

EVANS, J. (dissenting).—In criminal cases the right of appeal is awarded alike both to the State and to the defendant. In either case the scope of review is limited to the consideration of

376

errors of law. In appeal by the defendant, the alleged insufficiency of the evidence has always been deemed to present a question of law, and to be reviewable as such. If it be such in case of an appeal by the defendant, I can conceive of no reason why it should be deemed otherwise in an appeal by the State. Sufficiency of the evidence implies evidential support to every essential element of the crime charged. Insufficiency of the evidence implies that some essential element of the crime charged lacks support. It may be deemed to present a mixed question of law and fact. Even so, it does involve a question of law. Where the trial court has discharged a defendant on the ground of the insufficiency of the evidence, it seems to me that the State has the same right to ask a review of the ruling as the defendant would have had, if the ruling had been otherwise.