STATE OF IOWA, Appellant, v. BERT FRIEND, Appellee.

No. 40944.

NOVEMBER 24, 1931.

E. C. Hardwig, County Attorney, and J. C. Campbell, for appellant.

Jens Grothe, for appellee.

GRIMM, J.—In September, 1930, the county attorney of Floyd County filed a true information against the defendant, charging him with assault with intent to commit rape. The defendant pleaded not guilty. At the close of the evidence for the state, the defendant filed a motion for a directed verdict and the court reserved the ruling. At the close of all the evidence, the motion to direct a verdict in behalf of the defendant was renewed and sustained and it is from this ruling that the state has appealed.

I. The law applicable to such cases has been recently very fully announced by this court in State v. Little, 210 Iowa 371. What has been there said need not be here repeated except to say that:

"The purpose of section 14012 can hardly be misunderstood. It is to secure review by the higher court of erroneous rulings by the district court on questions of law which may be of use to the court and the profession in the administration of the criminal law. As is illustrated by many cases cited from this and other jurisdictions, questions of law which affect the State adversely and go directly to the proper administration of the criminal law may, of course, arise. When they do, and the question is one in which an appeal is permitted, the court must pass upon it, and announce the rule by which trial courts are in the future to be guided. Nothing could be more useless than appeals by the State from rulings directing verdicts of acquittal, unless a question of law, other than the mere sufficiency of the evidence to sustain a conviction, is involved. The ruling of the court below directing the jury to return a verdict of not guilty does not present a question of law which this court is required to review."

546

In State v. Niehaus, 209 Iowa 533, in a case in which the court directed a verdict in favor of the defendant, this court said:

"All of these grounds go to the question of the sufficiency of the evidence to warrant the court in its action, and we have quite consistently held that, when the only question is the sufficiency of the evidence to support the court's action, we do not review the record."

The testimony on behalf of the state and on behalf of the defendant in the case at bar is, in many important particulars, squarely in conflict. The record abounds in inconsistencies and improbabilities. A review of the evidence and any conclusions we might reach in relation thereto would apply only to this particular case, under its peculiar and unusual facts, and would be of no value to bench or bar. In line with the previously cited cases, we hold that "the ruling of the court below, directing the jury to return a verdict of not guilty does not present a question of law which this court is required to review."

The judgment must be, and is,—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.