STATE OF IOWA, Appellant, v. WILLIAM E. TIBBETTS, Appellee.

No. 41142.

NOVEMBER 24, 1931.

Roe Thompson, County Attorney, for appellant.

L. R. Boomhower, for appellee.

Evans, J.—The appeal is prosecuted by the State under the provisions of Section 14012. Our review of a criminal case on the appeal of the State is confined under this section to the pointing out of errors in the proceedings, and our decision thereon becomes obligatory "as law." We do not on such an appeal review the case upon its merit of fact. Unless the State can point out to us some specific question of law that should be passed upon for the future guidance of the court, we must decline to consider the appeal. In this case Frahm, as landlord, sued out a landlord's attachment and levied it upon the property of Tibbetts, the defendant. A judgment was entered in favor of Frahm and against this defendant. The possession of the attached property in the defendant was not disturbed. A written stipulation was entered into between the parties whereby the property was left in the hands of the defendant with permission to the defendant to sell the same for the purpose of applying the proceeds upon the debt of Frahm. The property was sold and the controversy is over the proceeds and the failure of Tibbetts to pay the same to the sheriff or to Frahm. The trial court held that the evidence was insufficient to show an agency or any fiduciary relation between Frahm and Tibbetts, or between the sheriff and Tibbetts. The only error specified by the State in its brief is as follows:

"The court erred in sustaining the defendant's motion for a directed verdict and in instructing the jury to return a verdict of not guilty and in entering judgment for the defendant and dismissing the case, at the close of plaintiff's evidence."

It will be noted that this assignment simply calls for a review of all the evidence in the record. It would settle no particular question of law. We deem such a review beyond the contemplation of section 14012. Our attitude at this point is fully set forth in some of our very recent cases. State v. Little, 210 Iowa 371; State v. Niehaus, 209 Iowa 533; State v. Friend, 213 Iowa 544.

The appeal is accordingly dismissed.

Faville, C. J., and Kindig, Morling, and Grimm, JJ., concur.