STATE OF IOWA, appellant, v. CARL STUART, appellee.

No. 48122.

(Reported in 57 N.W.2d 238)

MARCH 10, 1953.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Wallace W. Huff, County Attorney, for appellant.

Frank J. Margolin, R. N. Jepson and Ray E. Rieke, all of Sioux City, for appellee.

MULRONEY, J.—On September 2, 1951, John Rickwa was arrested on a street in Sioux City for intoxication. City Police Officer, Carl Stuart, and another officer placed Rickwa in a patrol wagon. This patrol wagon is described as a "half-ton delivery truck made into a cage." It has grilles over the windows and it has double doors in the rear with locks on them. John Rickwa was locked in the patrol wagon and the officers drove to the Municipal Building which houses the city jail. The officers drove to that part of the building called the garage, identified as room "O", which appears to be an outer room with large doors used almost entirely for the purpose of parking police department vehicles and loading and unloading prisoners. When the officers unlocked the patrol wagon John Rickwa fled through the open door of the garage. Officer Stuart pursued Rickwa, shouted several times for him to stop and fired his gun three times in the air. Stuart fired the fourth time at Rickwa's legs. The fourth shot struck Rickwa's right leg, severed an artery and Rickwa died the next day.

Officer Carl Stuart was indicted, tried and acquitted of the crime of manslaughter, based on the killing of Rickwa. The State appeals, asserting error in Instruction No. 13 where the court stated:

"You are instructed that a jail is a building or place for the confinement of arrested or sentenced persons and that it is the further law of this state that a person who is confined in jail and breaks jail and escapes therefrom, is guilty of a felony, and that the court holds as a matter of law under the evidence herein that the confinement of the deceased, Joseph John Rickwa, in the patrol wagon within the confines of that part of the Sioux City Municipal Building used by the Sioux City Police Department constituted confinement in jail of the deceased,

Joseph John Rickwa, and that the breaking jail and escaping of the deceased Joseph John Rickwa from custody after being so confined in jail amounted to a felony on the part of the said Joseph John Rickwa."

The law the instruction has reference to is section 745.8, Code, 1950, making it a felony "if any person confined in any jail upon any criminal charge, either before or after conviction for a criminal offense, break jail and escape therefrom * * *."

The county attorney argues the court was in error in instructing the jury the escapee was escaping from, or after being confined in, a jail. He does not argue that the court should have instructed the jury Rickwa was not escaping from jail. The point was important in the trial because of the rule that a peace officer is justified in using a deadly weapon to prevent the escape of a felon. The county attorney argues that under the record the question should have been submitted to the jury and we are asked to review the assigned error because: (1) "Municipal Court officers of Sioux City are awaiting the outcome of this appeal to determine what rules they should lay down for the future use of the room in the Municipal Building designated as room 'O'; (2) the County Attorney's office is interested in whether a future misdemeanant, who has been taken into custody with or without a warrant, and who escapes from a patrol wagon, should be charged with breaking jail; (3) and police officers throughout the state are vitally interested in a determination of their right to use a deadly weapon to prevent the escape of a prisoner under circumstances such as are here presented."

Since the defendant was acquitted, any judgment we might render in the case would not affect him. Section 793.1, Code, 1950, gives the state the right to appeal in a criminal case and section 793.20, Code, 1950, provides: "If the state appeals, the supreme court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law."

In State v. Little, 210 Iowa 371, 372, 375, 228 N.W. 67, 68, we held the above section "limits somewhat the scope of the

review when the appeal is by the State." There we said: "The purpose of section 14012 [Code. of 1927 (now section 793.20, Code, 1950)] can hardly be misunderstood. It is to secure review by the higher court of erroneous rulings by the district court on questions of law which may be of use to the court and the profession in the administration of the criminal law."

The opinion reviews many prior decisions of this court and cites many cases from other jurisdictions where the reviewing courts declined to pass on questions where the decision would be of no value to the courts in any future case. There is a dissenting opinion by Justice Evans in the Little case, who was of the opinion that the State would have the same right to appeal and present any errors of law as the defendant would have if convicted. But we specifically reaffirmed the majority opinion in the Little case in State v. Friend, 213 Iowa 544, 239 N.W. 132, and State v. Tibbetts, 213 Iowa 552, 239 N.W. 133. Most of the appeals by the state are from verdicts of "not guilty" returned at the direction of the court, but the principle is the same when the trial court instructs the jury some fact is or is not established by the evidence. We can take it as settled that the rule governing appeals by the state is as stated in State v. Traas, 230 Iowa 826, 828, 298 N.W. 862, 864, that the appeal will only be permitted if it "involves questions of law, either substantive or procedural, whose determination will be beneficial generally, or guide the trial courts in the future * * *."

When we apply this rule to the instant case the State's appeal must be denied. The State does not argue that a decision here would be of benefit to the courts in the trial of future cases. We are told our decision is wanted so the Sioux City Municipal Court officers can determine the rules they should lay down for the future use of room "O". The municipal court officers can always make any rules they care to with regard to the use of this room, irrespective of any opinion of this court.

This is not a prosecution under section 745.8, Code, 1950, the breaking-jail statute. The county attorney states he is interested in whether a person who escapes from a patrol wagon should be charged with breaking jail. The time to decide that question would be in a prosecution under the breaking-jail stat-

ute—when perhaps we might have the benefit of a brief by the attorney general arguing that such an escape would be breaking jail—instead of the argument by the State that is filed here contending such an escape would not be breaking jail. In any event, any decision on this issue would be under the special facts of this case and the building and room location that probably exists nowhere but in Sioux City.

We doubt if police officers generally throughout the state would be vitally interested in the outcome of this case on appeal. If we adopt the State's argument it would mean, if officers shot an escapee from a locked patrol wagon that had stopped in a room similar to room "O" there would be a jury question on whether they were justified in using a deadly weapon in preventing the escape. We fail to see how such a ruling would aid police officers in determining the force they might exert when persons escape after being confined in a locked patrol wagon in a police garage. Were we to rule as the county attorney contends, the ruling would tell the police officers they might or might not exert the force to stop the escape of a felon depending upon whether a jury might or might not decide the escapee was in the act of committing a felony. If we affirmed the trail court it would be under the special facts of this case where officers testified this room "O" was a part of the Sioux City "jail system."

We conclude the error asserted presents no question of law that this court is required to review. This results in an affirmance of the judgment of acquittal.—Affirmed.

All JUSTICES concur except LARSON, J., who takes no part.