STATE OF IOWA, appellant, v. ANTHONY WAYNE KRIENS, appellee.

## No. 51089.

(Reported in 125 N.W.2d 263)

DECEMBER 10, 1963.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, William C. Ball, Black Hawk County Attorney, and Charles F. Hinton, Assistant County Attorney, for appellant.

C. A. Frerichs, of Waterloo, for appellee.

LARSON, J.—The defendant was tried under an information

charging him with breaking and entering in violation of section 708.8, Code of 1962. Prior to the actual trial the defendant filed a motion to suppress any evidence of a confession made by him after his arrest. In its denial thereof the trial court found from the facts revealed outside the presence of the jury that the police officers had reasonable cause to believe defendant had committed the crime of breaking and entering the Fina Station in Waterloo, Iowa. This trial followed. At the close of all evidence both the State and the defendant objected to the giving of Court Instructions Nos. 10 and 11 and, when the verdict of not guilty was returned, the State appealed.

I. Although section 793.1, Code of 1962, gives the State the right to appeal in a criminal case, since defendant was acquitted, any judgment we might render in the case would not affect him. Section 793.20, Code, 1962, provides: "If the state appeals, the supreme court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law." The purpose of this section, we said in State v. Little, 210 Iowa 371, 375, 228 N.W. 67, 69, "is to secure review by the higher court of erroneous rulings by the district court on questions of law which may be of use to the court and the profession in the administration of the criminal law." In the recent case of State v. Stuart, 244 Iowa 604, 607, 57 N.W.2d 238, we referred to the views expressed in the Little case and came to the conclusion that it is settled in Iowa that an appeal by the State will be permitted only if it "involves questions of law, either substantive or procedural, whose determination will be beneficial generally, or guide the trial courts in the future * * *." State v. Traas, 230 Iowa 826, 828, 298 N.W. 862, 864. To the same effect see State v. Friend, 213 Iowa 544, 239 N.W. 132, and State v. Tibbetts, 213 Iowa 552, 239 N.W. 133.

In other words, to grant an appeal to the State, some general benefit or guide to the trial courts or profession must be shown. If there is such a benefit here, it lies in the query (1) as to whether the information on which the officers acted was reliable and provided reasonable and probable grounds to believe

that defendant committed the crime for which he was arrested, and (2) as to whether it justified the submission of that question to the jury. The only possible ground for impeaching the validity of this arrest, as we see it, is that the information was untrustworthy and was derived from an unreliable source. We do not believe these queries are so vital to the practice that an opinion should be rendered at this time.—Appeal dismissed.

All JUSTICES concur.