**STATE of Iowa, Appellant,**

v.

**Edward KESSLER, Appellee.**

**No. 55906.**

Supreme Court of Iowa.

Dec. 19, 1973.

Richard C. Turner, Atty. Gen., and Robert Bartels, Sp. Asst. Atty. Gen., for appellant.

William M. Tucker, Iowa City, for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON, and HARRIS, JJ.

PER CURIAM:

The State appeals a directed verdict for defendant in a prosecution for receiving gifts and gratuities in violation of section 741.1, The Code. We dismiss the appeal as presenting no questions of law sufficient to justify an appeal by the State.

A grand jury indictment charged defendant, then a Johnson County supervisor, received certain gifts and gratuities from various companies. These gifts and gratuities were claimed to have been presented through company agents for the purpose of influencing the purchase of heavy equipment and other materials. Defendant waived a jury and the matter was tried to the court. At the close of State's evidence the trial court sustained defendant's motion for a directed verdict.

On appeal the State assigns two errors. It complains of a ruling by the trial court which required the State to show a connection between a gift or gratuity and a specific business transaction. The other assignment challenges a ruling which excluded business records prepared by the salesman whom the State claims presented the defendant the gifts or gratuities.

I. The State's first assignment is controlled by our recent opinion in State v. Prybil, 211 N.W.2d 308 (Iowa 1973) which was filed after the trial court made its ruling. We adopted the position urged by the State and held the State meets its burden by showing a series of transactions and a connection between the gift or gratuity and the series or any transaction in the series. No useful purpose would be served by further discussing our holding in State v. Prybil, supra.

II. It is well established the State is not permitted to appeal every acquittal. An appeal by the State is permitted only where it involves questions of law, either substantive or procedural, whose determination will be beneficial generally to the bench and bar of the State as a guide in the future. State v. Kriens, 255 Iowa 1130, 125 N.W.2d 263; State v. Wardenburg, 261 Iowa 1395, 158 N.W.2d 147; and State v. Hanna, 179 N.W.2d 503 (Iowa 1970). We believe the filing of our opinion in State v. Prybil, supra, answered and

therefore removed the only question which would justify an appeal by the State. The second assignment is similarly addressed to a question of law which is well settled. No useful purpose would be served in a further or more detailed expansion on the established rules in either of the State's two assignments.

Appeal dismissed.