**STATE of Iowa, Appellant,**

v.

**Gordon K. WARREN, Appellee.**

**No. 55788.**

Supreme Court of Iowa.

March 27, 1974.

Richard C. Turner, Atty. Gen., Asher E. Schroeder, Sp. Asst. Atty. Gen., and Robert W. Goodwin, Asst. Atty. Gen., Iowa State Highway Commission, for appellant.

R. M. O'Bryon, Marshalltown for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

PER CURIAM:

Defendant was charged with violating § 321.463, The Code, 1971, in that his vehicle was overweight on two axles. The State asserted these axles were "tandem axles" and permitted only a three percent tolerance over maximum weight; defendant contended they were a "group of axles" entitled to an eight percent tolerance.

Defendant filed a demurrer claiming the provisions of § 321.463 relating to "tandem axles" and "group of axles" were so vague, arbitrary, and uncertain in application and enforcement as to be violative of the due process and equal protection clauses of Amendment 14, United States Constitution. Trial court treated the demurrer as a motion to dismiss, sustained defendant's position, and dismissed the charges. The State appeals.

While the appeal stood for submission in this court the legislature resolved the issues raised here by defining, for the first time, "tandem axle." 1973 Regular Session of the 65th General Assembly, Chapter 207, Section 1.

 An appeal by the State cannot affect a judgment in favor of the defendant. Section 793.9, The Code; State v. Prybil, 211 N.W.2d 308, 314 (Iowa 1973). For this reason and others, a State appeal is permitted in criminal cases only when it involves questions of law, either substantive or procedural, whose determination will be beneficial to the bench and bar as a guide in the future. State v. Kessler, 213 N.W.2d 671, 672 (Iowa 1973); State v. Kriens, 255 Iowa 1130, 1131, 125 N.W.2d 263, 264 (1963).

The legislature has now provided the guide essential in cases comparable to the one *sub judice*. Consequently, an opinion is unnecessary.

Appeal dismissed.