**STATE of Iowa, Appellant,**

v.

**Kenneth L. WHITEHEAD, Appellee.**

**No. 60502.**

Supreme Court of Iowa.

April 25, 1979.

Thomas J. Miller, Atty. Gen., and Garry D. Woodward, Asst. Atty. Gen., for appellant.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

Defendant Whitehead, former Jasper County attorney, was indicted for violating § 723.1, The Code 1975 (interference with the administration of justice). Upon trial the jury found him not guilty and the State appeals. Of course, an appeal by the State "in no case stays the operation of a judgment in favor of the defendant." § 793.9, The Code. *See* § 814.12, The Code 1979.

This prosecution arose out of an incident which occurred September 29, 1976. Newton police traced a stolen coat to Julie Waddell, a twenty-year-old woman who had been in prior trouble and who apparently was known by defendant. A police officer described the evidence collected to defendant, who agreed it was sufficient to justify

issuance of a search warrant for Waddell's house and car. Within a short time defendant made arrangements to meet Waddell in a city park. The evidence is uncontroverted he there told her the police were going to search her property that afternoon and if she had any stolen property to remove it. She then took the coat to a friend from whom it was recovered later by the police.

The State contended, and introduced other evidence from which the jury could have found, that defendant sabotaged the search operation with the expectation of obtaining sexual favors from Waddell. Defendant asserted, and there was evidence from which the jury could have concluded, his motive was to make Waddell an informant so police could recapture her husband, a prison escapee wanted in Jasper County on felony charges.

Trial court's instruction eight informed the jury that defendant at all material times was Jasper County attorney, "the chief law enforcement officer of the county." It further provided:

> Every county attorney in this State is vested with broad, although not unlimited, discretion as to the manner in and the means by which the laws of the State shall be enforced. This limited discretion extends to the proper institution and termination of investigations. A county attorney may, with the approval of the Court, dismiss a criminal charge or negotiate a plea to a reduced charge. He may, in his discretion, elect not to file a criminal charge. These powers are known in law as prosecutorial discretion.
>
> You may consider this discretionary power, together with all the evidence in the case, in determining whether the defendant acted *improperly*.

(Emphasis added.) "Improperly" related to instruction seven, in which the jury was told, among other things, the State must prove defendant improperly obstructed or impeded execution of the search warrant.

The State objected to instruction eight on the ground that prosecutorial discretion was irrelevant. The State contended the doctrine did not carry the right to obstruct a court order being executed by another peace officer or the right to interfere with the latter in the performance of statutory duties. A substitute instruction urged by the State specifically provided: "[P]rosecutorial discretion does not extend to interference with a court order."

Trial court overruled State's objections to instructions and refused its request. The jury acquitted defendant.

Appealing, the State urges we should reject the legal concept trial court incorporated in instruction eight. But before the merits of State's contentions can be reached we must resolve a threshold issue.

The law in force at the time of these events gave the State permission to appeal in a criminal case. § 793.1, The Code. But by long-standing case law in this jurisdiction an appeal by the State is permitted only if it "involves questions of law, either substantive or procedural, whose determination will be beneficial to the bench and bar as a guide in the future." *State v. Warren*, 216 N.W.2d 326, 327 (Iowa 1974); *State v. Kessler*, 213 N.W.2d 671, 672 (Iowa 1973). See § 814.5(2)(d), The Code 1979 (making discretionary review available to the State from "[a] final judgment or order raising a question of law important to the judiciary and the profession"). While there may be no distinction between our prior rule and the new statute, we assume the former applies. *See* § 801.5, The Code 1979.

Applying the above rule, we reach the inescapable conclusion this appeal should be dismissed. We cannot find resolution of the issue would be *generally* beneficial, *Warren*, 216 N.W.2d at 327, or "vital to the profession," *State v. Kriens*, 255 Iowa 1130, 1131, 125 N.W.2d 263, 264 (1968). The circumstance that a county attorney would believe his prosecutorial discretion should extend to thwarting a valid court order is so bizarre that extensive research of the State and this court has turned up no other similar instance. *See ABA Standards Relating to the Prosecution Function* § 3.1, at 76–81 (approved draft 1971). Even situations in which attorneys who are not "chief law enforcement officers" attempt to frustrate

court orders or decrees are rare. *See Committee on Professional Ethics and Conduct v. Crary,* 245 N.W.2d 298, 307 (Iowa 1976).

The Iowa decision most comparable is *State v. Stuart,* 244 Iowa 604, 57 N.W.2d 238 (1953). In *Stuart,* a criminal case, the State appealed on the ground trial court erroneously instructed the jury relating to a law officer's discretion to use deadly force to prevent a felon's escape from custody. This court referred to the unique factual situation presented—the escape from a locked patrol wagon in a police garage—and declined to review the instruction.

In the case at bar, the State contends the *facts* did not support the instruction. The facts presented here are as unusual as those in *Stuart.* The State neither argues a decision on the merits would be of benefit to courts in trial of future cases nor asserts such a decision would be of general benefit.

We hold this appeal should be dismissed.

APPEAL DISMISSED.