# IN THE COURT OF APPEALS OF IOWA

No. 15-1322
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALEX JAY HARLOW,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

Defendant appeals his conviction for simple assault. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Alex Harlow was convicted of assault in violation of Iowa Code 708.1 and 708.2(6) (2013), a simple misdemeanor. A single justice of the supreme court granted discretionary review. The State requests this appeal be dismissed because discretionary review should be granted only where the case involves a substantial question of law, the determination of which will be beneficial to the bar. The case upon which the State relies, *State v. Warren*, 216 N.W.2d 326 (Iowa 1974), is inapplicable here. *Warren* addressed the standard applied to the State's request for review of a criminal case following *acquittal*. *See Warren*, 216 N.W.2d at 327. Requiring the State to establish a substantial question as a prerequisite to appellate review following acquittal makes sense because the prohibition against retrying the defendant for the same offense following acquittal moots the appeal in the absence of some policy reason for addressing the legal issue. There is no similar concern regarding the defendant's application for discretionary review following *conviction*. *See* Iowa Code 814.6(2)(d) (2015) (providing for discretionary review of simple misdemeanor convictions). We thus decline the State's request to dismiss this appeal.

On the merits, we affirm the defendant's conviction. The defendant was charged with assaulting a baby. The evidence showed Harlow inadvertently struck the baby in the face and gave the baby a black eye while assaulting the baby's mother, who was holding the baby at the time of the assault. The verdict is supported by the evidence and the law. The district court did not err in denying the defendant's motion for judgment of acquittal or abuse its discretion in denying the defendant's motion for new trial. *See State v. Williams*, 695 N.W.2d 23, 27

(Iowa 2005) (stating review of motion for judgment of acquittal is for the correction of legal error); *State v. Hendrickson*, 444 N.W.2d 468, 472 (Iowa 1989) (reviewing motion for new trial for abuse of discretion); *State v. Alford*, 151 N.W.2d 573, 574 (Iowa 1967) (explaining transferred-intent doctrine), *overruled on other grounds by State v. Bester*, 167 N.W.2d 705 (Iowa 1969); *State v. Huston*, 174 N.W. 641, 643 (Iowa 1919) ("The defendant requested an instruction . . . that the burden was upon the state to prove that the fatal shot was not accidental. Such requested instruction, if given, would have been quite misleading to the jury. The shot was accidental so far as the person injured was concerned; but, as already indicated herein, such fact did not relieve it of its criminality."); *State v. Ruhl*, 8 Iowa 447, 448 (Iowa 1859) ("A party is liable for a wrongful act, where there exists a criminal intent, although the act done, is not that which was intended. The wrongful intent to do one act, is transposed to the other, and constitutes the same offense."); *State v. Robinson*, No. 14-1845, 2016 WL 894110, at *3–4 (Iowa Ct. App. Mar. 9, 2016) (profane threat, lunging at clerk, grabbing cigarettes from clerk, and gesturing as if holding a weapon constituted an assault); *State v. Vaughn*, No. 02-1470, 2003 WL 21919278, at *2 (Iowa Ct. App. Aug. 13, 2003) (snatching of phone, when coupled with other conduct, established assault); *see also State v. Aguilar*, 308 P.3d 778, 784 (Wash. Ct. App. 2013) ("Under the doctrine of transferred intent, once the intent to inflict harm on one victim is established, the mens rea transfers to any other victim who is actually assaulted.").

**AFFIRMED.**